QUANAH, A. & P. RY. CO. et al. v. CHUMBLEY et al. (No. 645.)

(Court of Civil Appeals of Texas. Amarillo. July 4, 1914. Rehearing Denied Oct. 10, 1914.)

1. PARTNERSHIP (§ 219*)—ACTION BY FIRM—PARTIES—PLEADING AND JUDGMENT.

That plaintiffs sued as a partnership in an action for damages to a shipment of horses consigned by the firm did not render erroneous a joint judgment in favor of them as the individual members of the firm, where the evidence was conflicting whether the horses belonged to the firm, or part of them belonged to one partner and the rest to the other.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. § 219.*]

2. APPEAL AND ERROR (§ 499*)—ASSIGNMENT OF ERROR — OBJECTION BELOW — INSTRUCTIONS.

An assignment of error complaining of an instruction given in the main charge, could not be considered on appeal, where the record, though containing written objections to the general charge, failed to show whether such objections were presented before or after the main charge was delivered to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

3. APPEAL AND ERROR (§ 499*)—ASSIGNMENT OF ERROR—OBJECTION BELOW—SUBMISSION OF ISSUES.

An assignment of error, complaining of the giving of a special charge requested by plaintiff, could not be considered on appeal, where the record failed to show that objections were made to such charge when it was presented to defendant's counsel for examination and objection, in accordance with Rev. St. 1911, art. 1973, relating to requested instructions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

Appeal from Cottle County Court; W. E. Prescott, Judge.

Action by J. M. Chumbley and others against the Quanah, Acme & Pacific Railway Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Decker & Clarke, of Quanah, for appellants. Bell & Bell, of Paducah, for appellees.

HENDRICKS, J. This suit was originally instituted in the county court of Cottle county by J. M. Chumbley against the Quanah, Acme & Pacific Railway Company for damages alleged to have arisen on account of a shipment of one car of horses from Paducah to Whitewright, Tex., and thereafter George C. Chumbley intervened in said suit, as the alleged partner of J. M. Chumbley, and the Ft. Worth & Denver City Railway Company and the Missouri, Kansas & Texas Railway Company were also made parties defendant. The live stock contract evidences a shipment of the horses by "Chumbley & Son," as the consignors, to G. A. Chumbley as consignee, and the judgment of the court, predicated upon answers to special issues, found by the jury, was in favor of the plaintiffs, G. A. Chumbley and J. M. Chumbley.

[1] The appellants assign that:

"The judgment of the court is not supported by the plaintiffs' pleadings, the verdict of the jury, and the evidence, in that plaintiffs sued as a partnership, the partnership being denied by defendants' verified plea, and all the evidence being to the effect that there was not a joint or common ownership of the horses shipped, but that J. M. Chumbley owned 2 head and George Chumbley owned 29 head of the horses, and the court rendered judgment in favor of J. M. Chumbley and G. A. Chumbley, whether as partners not being determined."

The evidence of one of the owners is contradictory, in that on direct examination he testifies that the partnership was the owner of the 31 head of horses delivered to the railway companies, while on cross-examination the testimony is specific that the witness owned 29 head of the horses individually, and that the other member of the partnership was the individual owner of the other 2 head. However, the judgment being a joint judgment, in favor of G. A. Chumbley, and J. M. Chumbley against the defendants, for the amount apportioned against each, the only theory upon which it could have been rendered is that it is in their favor as the individual members constituting the partnership of "Chumbley & Son," who were the consignors of the horses under the written contract of shipment, and for that reason we think the assignment should be overruled. Assuming appellants' theory that the evidence discloses individual ownership in the horses transported, however, we see no reason why Chumbley & Son and the individual members composing said partnership could not recover the damages, as such consignors. Associate Justice Gaines said, in the case of Missouri Pacific Railway Co. v. Smith, 84 Tex. 350, 19 S. W. 510:

"We think the plaintiff had a right to sue alone, although the horses may have been the partnership property of himself and another."

The record in the above case was that the plaintiff, under a special contract in writing made between him and the railway company, shipped the horses owned by the partnership. In this case the partnership, and necessarily

---

the individual members composing it, constituted the consignor, and the judgment is in favor of the individuals composing the partnership, which is merely the converse of the other proposition decided by the Supreme Court. See Southern Kansas Railway Co. v. Morris, 100 Tex. 611, 102 S. W. 396, 123 Am. St. Rep. 834; Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30.

[2] The appellant assigns error, criticising an instruction given by the court to the jury; but the presentation of the objection, and the exception to the charge of the court, is not adequately preserved in the record. There are written objections in the record to the general charge of the court, which were evidently called to the attention of the court at some time, but when presented—whether before or after the main charge by the court was delivered to the jury—is not shown. The indorsement of the trial court is:

"Approved and ordered filed as a part of the record of this case."

Although previously decided, this court, in the case of Gulf, Texas & Western Railway Co. v. G. L. Culver, 168 S. W. 514, May 30, 1914, not yet officially reported, took occasion to fully review this same matter. In the case of St. Louis & Southwestern Railway Co. of Texas v. Wadsack, 166 S. W. 43, the Texarkana Court of Civil Appeals presents the same construction.

[3] The appellant also assigns error as to the action of the trial court in submitting to the jury a certain special charge requested by the plaintiff. They object to the particular special charge, for reasons not necessary to enumerate, but the time of the presentation of the objections is likewise not exhibited in this record. We think the Thirty-Third Legislature, in its amendment relating to the time and manner of submitting instructions to the jury, and providing for objections and exceptions thereto, equally intended, with reference to special instructions submitted by a litigant and given to the jury by the trial court, that the opposite party should present objections and preserve exceptions exhibiting the presentation of same before the special charge was read to the jury in the same manner and to the same effect as objections and exceptions to the general charge. The same reasons and the same policy are equally applicable to the presentation of objections to the court before he reads the special charge to the jury as to the presentation of objections to the general charge. The special charge is as much the court's charge, after having been approved, as his general charge, and the error in same, if any, if conceived to exist by opposing counsel, when presented to him for examination and objection in accordance with article 1973, Rev. St., should be pointed out to the trial court in equally the same manner as to the presentation of objections and preservation of exceptions as to the general charge:

"The ruling of the court in the giving * * * of instructions to the jury shall be regarded as approved unless excepted to, as provided for in the foregoing articles."

Appellants assign error:

"That the testimony shows that the only depreciation in the market value of the horses was the sum of $25 to two horses, which were injured."

A careful consideration of this record, regarding the matter exclusively as a jury question, destroys this objection, and the judgment of the trial court is in all things affirmed.