**TEXAS MIDLAND R. R. et al. v. BECKER & COLE. (No. 7216.)**

(Court of Civil Appeals of Texas. Dallas. Nov. 28, 1914. Rehearing Denied Jan. 2, 1915.)

1. APPEAL AND ERROR (§ 499*) — RECORD — MATTERS PRESENTED FOR REVIEW.

That objections to the charge were presented before it was read to the jury, and that exceptions were taken to the refusal of special charges as required by Act March 29, 1913 (Acts 33d Leg. c. 59) must be shown by a bill of exceptions taken and incorporated into the record, and was not sufficiently shown by a purported transcript of the objections and exceptions, signed by counsel for the appellants and filed with the clerk without presentation to, and approval by, the trial judge, nor by affidavits of the trial judge made long after the perfecting of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

2. CARRIERS (§ 213*)—TRANSPORTATION OF LIVE STOCK—PERFORMANCE OF CONTRACT.

A carrier's agreement to deliver cattle at a market on a particular day was not complied with by delivering them before the market closed, but too late to unload them and get them on the market before its close.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

3. CARRIERS (§ 228*)—TRANSPORTATION OF LIVE STOCK—ACTIONS FOR DAMAGES—EVIDENCE.

In an action for damages to a shipment of live stock from delay in transportation and rough handling, the testimony of witnesses for plaintiffs that the delay and rough handling complained of was all along the route was properly admitted.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

4. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS OF ERROR BAD IN PART.

In an action for damages from delay in transportation and rough handling of a shipment of cattle, assignments of error that there was no evidence of delay or rough handling, and that the evidence showed by its great preponderance that there was no delay or rough handling on the line of either defendant, would be overruled, where the evidence supported a jury finding of unnecessary delay and rough handling on the line of one of the defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

5. CARRIERS (§ 219*)—DAMAGES—LIABILITY OF INITIAL CARRIER.

Under Act June 29, 1906, c. 3591, § 7, 34 Stat. 593 (U. S. Comp. St. 1913, § 8592), providing that any common carrier receiving property for interstate transportation shall issue a receipt or bill of lading and shall be liable to the lawful holder thereof for any loss, damage,

or injury to the property caused by it, or by any common carrier to which such property may be delivered or over whose lines it may pass, an initial carrier was liable for the damages to an interstate shipment of cattle, due to delay in transportation and rough handling while on the line of a connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. § 219.*]

6. DAMAGES (§ 139*)—EXCESSIVENESS—INJURIES TO SHIPMENT OF CATTLE.

That, in an action for damages to a shipment of cattle from delay in transportation and rough handling, the verdict was for a greater amount than the damages as estimated by one of plaintiff's witnesses who it was claimed was their agent, was not conclusive that the verdict was excessive, where the testimony of other witnesses supported the verdict.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 400–403; Dec. Dig. § 139.*]

7. APPEAL AND ERROR (§ 1004*)—REVIEW—QUESTIONS OF FACT.

A verdict supported by the testimony of some of the witnesses should not be disturbed as excessive, though an appellate court might, upon the whole testimony or the testimony of a particular witness, have found differently if the matter had been submitted to it as an original proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by Becker & Cole against the Texas Midland Railroad, the St. Louis & San Francisco Railroad Company, and another. From a judgment for plaintiff against the defendants named, they appeal. Affirmed.

Henry C. Coke, of Dallas, Dashiell & Coon, of Terrell, and Andrews, Streetman, Burns & Logue, of Houston, for appellants. Wynne & Wynne, of Kaufman, for appellees.

TALBOT, J. The appellants state the nature and result of the suit as follows: The appellees, Becker & Cole, sued the Texas Midland Railroad, Paris & Great Northern Railroad, and the St. Louis & San Francisco Railroad Companies, in the county court of Kaufman county, for damages in the sum of $962.82 to a shipment of cattle from Kaufman, Tex., to the National Live Stock Yards at East St. Louis, Ill. They alleged that on the 4th day of June, 1910, they made a contract with the Texas Midland Railroad to ship two car loads of beef cattle, which were intended to be sold on the 6th day of June, 1910, but they arrived too late to be sold on that day's market, and were not sold until the following day. They sought to recover on two grounds of negligence: One was delay in reaching the market; the other was rough handling of cattle while en route. As a result, they alleged that they were damaged by an excessive shrinkage in weight, by the market declining, and by loss in appearance of cattle. All the defendants answered. They excepted to the petition because the allegations were too vague and indefinite and failed to inform defendants what train carried the cattle, or on what line or place the delay occurred. Then, after a general denial, they pleaded a written contract, in which was contained certain stipulations and conditions, and said written contract was executed in consideration of a reduced rate. For the purpose of this appeal, only one clause need be considered, the clause requiring notice of damages to be given to the delivering carrier at destination before the live stock were mingled with other live stock in order that an investigation might be made. They also pleaded that the cattle were transported in a reasonable time, and that the stop at Newberg was made in compliance with the federal act. The court overruled the special exceptions, and, refusing to instruct the jury to return a verdict for the defendants on the ground that the claim was not presented in the time prescribed in the contract, the case was submitted to the jury, and a verdict was returned in favor of the plaintiff against the Texas Midland Railroad and the St. Louis and San Francisco Railroad Company for the sum of $450, and in favor of the Paris and Great Northern Railroad Company. The Texas Midland Railroad and the St. Louis and San Francisco Railway Company filed motion for a new trial, which was overruled, and they appealed.

[1] There are several assignments of error complaining of certain paragraphs of the court's general charge and the refusal of special charges requested by appellant. The action of the court in giving and refusing the charges to which these assignments relate cannot be reviewed, for the reason that the record fails to properly show that objections to the paragraphs of the general charge in question were presented before it was read to the jury, and fails to so show that exceptions were taken to the refusal of the special charges, as required by the act of the Legislature, approved March 29, 1913 (Session Acts 1913, p. 113). There is in the transcript what purports to be appellants' objections to said paragraphs of the general charge and exceptions to the special charges, but it does not appear that this paper was presented to the trial judge and approved by him and ordered filed as a part of the record in the case. It is simply signed by counsel for appellants, and marked filed by the clerk. The paper cannot therefore be regarded as a bill of exceptions; nor can it be considered in any sense as a part of the record exhibiting the presentation of objections to the general charge or exceptions to the court's action in refusing the special charges. It is settled by numerous decisions of Courts of Civil Appeals that, under the provisions of the act of the Thirty-Third Legislature, to which we have referred, objections to charges given, and the refusal of special charges requested, must be disregarded on appeal, unless the appellant shows, by bill of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

exceptions taken and incorporated into the record that such objections were made and presented before the charge of the court was delivered to the jury and that the particular special charge was requested and its refusal excepted to at the time. The following are some of the decisions on the subject: Railway Co. v. Wadsack, 166 S. W. 42; Ins. Co. v. Rhoderick, 164 S. W. 1067; Heath v. Huffhines, 168 S. W. 974; Railway Co. v. Culver, 168 S. W. 514; Railway Co. v. Chumbley, 169 S. W. 1107; Railway Co. v. Tomlinson, 169 S. W. 217. There is also found in the briefs of appellee and appellant affidavits of the trial judge relating to the question of whether or not the appellants objected to the court's general charge and excepted to the refusal of the court to give their special charges, made long after this appeal was perfected, but those affidavits cannot take the place of the bill of exceptions required by the statute, or be considered by this court for any purpose.

[2] In regard to the proposition asserted by appellants under their third assignment of error, to the effect that, when the carrier delivers cattle at the market on the day it agreed to deliver them before the market closes, it complies with its contract, and is not liable for any loss to the shipper by reason of his carrying the cattle over to the following day, even though such delivery was too late to get the cattle unloaded and on the market before it was closed, it is sufficient to say that such proposition has been expressly decided against them. Railway Co. v. White, 160 S. W. 1128; Railway Co. v. Wells, Nash & Nash, 153 S. W. 659.

The seventh and eighth assignments of error complain of the court's action in overruling appellants' special exceptions "A" and "B" to appellees' petition. Exception "A" is:

"The allegations in the plaintiffs' petition that the agents, servants, and employés of defendant in charge of the respective trains handling plaintiffs' cattle carelessly and negligently rammed and jammed the cars together are too vague and indefinite, in that they do not state specifically the time and place, or places, where said train was carelessly and negligently handled, and the cars negligently and carelessly handled, rammed, and jammed together, throwing plaintiffs' cattle down."

Exception "B" reads:

"The allegations that the cattle were delayed by the negligence and carelessness of the defendants for over 24 hours is too vague and indefinite, in that it fails to state specifically the places where the cattle were delayed and for the length of time delayed at each place."

These allegations were sufficient to admit proof of them, and no reversible error was committed in overruling the exceptions. Railway Co. v. Jones, 41 Tex. Civ. App. 327, 91 S. W. 611; Railway Co. v. Martin, 49 Tex. Civ. App. 197, 108 S. W. 981; Railway Co. v. Cunningham, 51 Tex. Civ. App. 368, 113 S. W. 767; Railway Co. v. Cartwright, 151 S. W. 630. The record here, unlike in the Cartwright Case, supra, shows that an order was made and entered overruling appellants' said exceptions, and hence such action, having been assigned as error, is reviewable in this court.

[3] In this connection we will further say that there was no error in permitting the witnesses Carter, Cole, and Morrow to testify that the delay and rough handling of the cattle complained of was all along the route. The objections to the testimony went to its weight and sufficiency, rather than to its admissibility.

[4, 5] The tenth and eleventh assignments assert, in substance, that there is no evidence of delay or rough handling on the line of either of the appellants, and that the verdict of the jury is against the great preponderance of the evidence, and manifestly wrong. These assignments are submitted together as propositions, and it is sufficient to say that the evidence, especially with regard to the appellant St. Louis & San Francisco Railroad Company, was sufficient, although conflicting, to support the verdict of the jury finding that company guilty of unnecessary delay and rough handling of the cattle on the line of its railway, and hence the assignments should be overruled. There is no distinct proposition urged here that there was no evidence showing unnecessary delay and rough handling of the cattle of the Midland Railroad's line of railway. The proposition as presented is that there was no evidence, or that the evidence overwhelmingly shows that there was no delay or rough handling on the line of either of these appellants. But however this may be, the Midland Railroad was the initial carrier in the shipment of appellees' cattle, and the shipment being an interstate one that company, under Act of June 29, 1906, c. 3591, § 7, 34 Stat. 593 (U. S. Comp. St. Supp. 1907, p. 909), was liable to appellees for any loss or injury to their property caused by it or any connecting carrier over whose line such property passed in transit to its destination.

[6, 7] It is also contended that the verdict is excessive. This contention we are not prepared to sustain. Our examination of the evidence results in the conclusion that the amount of damages awarded was authorized by the evidence; that is, that there was substantial legal testimony going to show that, by unnecessary and unreasonable delays and rough handling of the cattle, appellees had suffered damages in the amount awarded them by the jury. This is true without regard to any decline in the market on June 7, 1910, when the cattle were sold. We would not be warranted in sustaining appellants' contention to the effect that appellees should be bound by the estimate made of their damages by the witness Keechler, who, it is claimed, was their agent, and from whose testimony the jury might have found that appellees' damages were less than the amount awarded. The jurors trying the case were

the judges of the credibility of the witnesses and the weight to be given to their testimony. Their verdict is supported by the testimony of other witnesses, and should not be disturbed, even though we might, upon the whole testimony or the testimony of any particular witness, have found differently, if the matter had been submitted to us as an original proposition.

The judgment is affirmed.