TEXAS MIDLAND R. R. et al. v. FOGLE-MAN. (No. 7217.)

(Court of Civil Appeals of Texas. Dallas. Dec. 5, 1914. Rehearing Denied Jan. 16, 1915.)

1. APPEAL AND ERROR (§ 499*)—QUESTIONS REVIEWABLE—INSTRUCTIONS GIVEN AND REFUSED—EXCEPTIONS.

Under Rev. St. 1911, arts. 1971, 1973, 2061,. as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1973, 2061), requiring objections to the charge before the same is read to the jury, authorizing either party to present requested instructions, and declaring that the action of the court in giving or refusing instructions shall be deemed approved, unless excepted to as provided by law,. assignments of error complaining of the general. charge and of refusal of requested charges cannot be considered, unless the record shows that objections to the general charge were made before it was read to the jury, and that exceptions. to the action of the court in giving or refusing special charges were in like manner presented,. and the objections and exceptions must be preserved by bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; ·Dec. Dig. § 499.*]

2. CARRIERS (§ 213*) — CARRIAGE OF LIVE STOCK—DELIVERY.

Where a carrier delivers live stock at market on the day agreed on, though at such hour and in such condition as to make it necessary to carry the stock over to the following day's market to get the best results, the delivery is a compliance with the contract, and it is not liable for any resulting damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by C. J. Fogleman against the Texas Midland Railroad and others. From a judgment for plaintiff against certain of the defendants, they appeal. Affirmed.

Henry C. Coke, of Dallas, Dashiell & Coon, of Terrell, and Andrews, Streetman, Burns & Logue, of Houston, for appellants. Wynne & Wynne, of Kaufman, for appellee.

RASBURY, J. Appellee sued appellants, Texas Midland Railroad, Paris & Great Northern Railroad Company, and St. Louis & San Francisco Railroad Company, in the court below for $476.12 damages, alleged to be the · injuries inflicted upon a shipment of live stock consigned by appellee to the Texas Midland Railroad for transportation to St.: Louis, and in turn delivered by said railroad to the others, who were connecting carriers. The grounds of negligence alleged ,were rough handling and delay en route, resulting in· shrinkage in weight, poor appearance, and· a decline in the market· between the period· when the stock should have arrived and the

time in which they did arrive and could be placed upon the market. Appellants' defenses will be referred to in considering such assignments as may be considered upon the record before us. There was a trial by jury resulting in a verdict for appellee for $331.05 against the Texas Midland Railroad and the St. Louis & San Francisco Railroad Company, and in favor of Paris & Great Northern Railroad Company, followed by similar judgment, from which the defendants so cast have appealed.

[1] The first, second, third, sixth, seventh, thirteenth, and fourteenth assignments of error complain either of the court's general charge or of the action of the court in refusing certain charges specially requested by appellants. These assignments may not be considered, since all of them fail to comply with recent amendments of the practice acts. In the case of W. R. Case & Sons Cutlery Co. v. A. I. Folsom, 170 S. W. 1066, decided by this court November 21, 1914, and not yet officially reported, we held:

"Consideration of the issue raised by said assignment must be declined, for the reason that the record fails to show a compliance with the statutory rule by which the action of the court in refusing the charge may be reviewed. Article 1973, R. S. 1911, governing the giving and refusing of special charges, was amended at the regular session of the Thirty-Third Legislature, and the method of bringing such proceedings into review before this court radically changed. Gen. Laws, Reg. Sess. 33d Leg., pp. 113, 114. To the provisions of the original articles, familiar to bench and bar, which confer upon litigants the right to request special charges and have the giving or refusing of the same reviewed, the Legislature has added by amendment the further provision that the action of the trial court in the respect stated may now be reviewed only when 'such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination.' The only indorsement upon the special charge, the refusal to give which is sought to be reviewed, other than the clerk's file mark, is the signature of the trial judge under the word 'Refused.' The bill of exception preserving the point contains no more than the charge. As a consequence, the record fails to disclose whether the said special charge was 'prepared and presented to the court and submitted to opposing counsel for examination within a reasonable time after the (general) charge was given to the parties or their attorneys for examination.' The necessity and importance of showing such facts affirmatively by the bill is obvious from an inspection of article 1971, relating to the court's general charge, and article 2061, relating to the giving or refusing of special charges, both amended at the same time that article 1973 was amended. By the two articles it is contemplated clearly that all attacks upon the charge to be given to the jury, whether by the general charge or by specially requested charge, shall be submitted to the trial judge in advance of reading same to the jury, in order that he may add to or correct same, if erroneous. Failing to do so, 'all objections not so made and presented shall be considered as waived,' as relates to the general charge; and, as relates to the giving or refusing of special charges, the court's action 'shall be regarded as approved, unless excepted to' in the manner stated. The amendments provide no less than that, and a repetition of the fact in our own language could neither add to nor detract from their force. Otherwise how may it be said from the record that the trial court was given opportunity to correct his charge or give the requested one if it should have been given?" Insurance Co. v. Rhoderick, 164 S. W. 1067; Railway Co. v. Wadsack, 166 S. W. 42; Heath v. Huffhines, 168 S. W. 974; Railway Co. v. Culver, 168 S. W. 514; Railway Co. v. Chumbley, 169 S. W. 1107; Railway Co. v. Tomlinson, 169 S. W. 217; Texas Midland Railroad v. Becker & Cole, 171 S. W. 1024, decided by this court November 28, 1914, and not yet officially reported.

The record in the instant case not only fails to show that the objections to the general charge and the exceptions to the court's refusal to give the special charges were seasonably presented, but further fails to show a bill of exceptions of any sort to the court's action in any of the particulars complained of. Article 2061, R. S. 1911, as amended, provides, in so many words, that the action of the court in giving, refusing, or qualifying instructions to the jury shall be regarded as approved, unless excepted to as provided by the foregoing articles. Article 2061 is a part of chapter 19 of the Revised Statutes, regulating the taking of bill of exceptions, etc. The articles that precede it in that chapter and which are designated "foregoing" articles in the amendment are exact and precise instructions as to the time, requisites, and manner of taking bills of exception. Thus it is clear that the record must not only show that all objections to the general charge were made before same was read to the jury, and that all exceptions to the action of the court in giving or refusing special charges were in like manner presented, but in order to have such proceedings reviewed, same must be preserved by bill of exceptions. All doubt is removed when the original article 2061 is compared with the amended one. The old article provided that the action of the court on the matters just detailed "shall be regarded as excepted to in all cases." By the amended articles such action "shall be regarded as approved, unless excepted to." The record in this case does contain what purports to be objections to the general charge and exceptions to the refusal to give the special charges requested, but, as said in Texas Midland Railroad v. Becker & Cole, supra, it does not appear that such objections and exceptions were "presented to the trial judge and approved by him. * * *. It [the paper containing the objections and exceptions] is simply signed by counsel for appellants, and marked 'filed' by the clerk. The paper cannot therefore be regarded as a bill of exceptions; nor can it be considered in any sense as a part of the record exhibiting the presentation of objections to the general charge or exceptions to the court's action in refusing the special charges."

[2] The third assignment of error raises an issue which this court has expressly decided adversely to the contention of appel-

lants; that is, that when the carrier delivers live stock at market on the day agreed upon, even though delivered at such hour and in such condition as to make it necessary to carry them over to the following day's market in order to get the best results, such delivery is a compliance with its contract, and it is not liable for any resulting damages. Railway Co. v. White, 160 S. W. 1128; Railway Co. v. Wells, Nash & Nash, 153 S. W. 659; Texas Midland Railroad v. Becker & Cole, 171 S. W. 1024, decided by this court November 28, 1914, and not yet officially reported.

The fifth, eighth, and ninth assignments of error are overruled. The identical issues are decided against appellants in Texas Midland Railroad v. Becker & Cole, supra. The cases are companions and were submitted upon practically identical records.

The tenth, eleventh, twelfth, fifteenth, and sixteenth assignments are likewise covered by the opinion in the case just referred to.

Finding no reversible error in the record, the judgment is affirmed.