## HORTON v. TEXAS MIDLAND R. R.
### (No. 7233.)

(Court of Civil Appeals of Texas. Dallas. Dec. 12, 1914. Rehearing Denied Jan. 2, 1915.)

1. APPEAL AND ERROR (§ 549*)—BILL OF EXCEPTIONS—INSTRUCTIONS—OBJECTIONS.

The giving or refusal of instructions cannot be reviewed where there is no bill of exceptions showing that the trial court's action was challenged before finally instructing the jury and an opportunity given the court to cure the errors pointed out, as provided by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2441–2451; Dec. Dig. § 549.*]

2. RAILROADS (§ 95*)—DEFECTIVE CROSSING—PERSONAL INJURIES—QUESTION FOR JURY.

Though, under Rev. St. 1911, art. 6485, it is the absolute legal duty of a railroad company to restore a crossing to its original state and keep it in repair, it is a question for the jury whether a crossing on which plaintiff claimed to be injured was properly restored or kept in repair.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 274–283; Dec. Dig. § 95.*]

3. APPEAL AND ERROR (§ 1003*)—REVIEW—WEIGHT OF EVIDENCE.

Unless the verdict is manifestly against the evidence, the appellate court may not disturb it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Maggie Horton against the Texas Midland Railroad. From a judgment for defendant, plaintiff appeals. Affirmed.

J. G. Matthews, of Greenville, for appellant. Henry C. Coke and S. W. Marshall, both of Dallas, and Dashiell & Coon, of Terrell, for appellee.

RASBURY, J. Appellant sued appellee in the court below for damages for personal injuries. Appellant was driving upon Division street in the city of Greenville in a buggy drawn by a single horse. When she reached a point where appellee's line of railway crossed said street, which was in a deep cut with high embankments, and when, upon the crossing laid by appellee for the use of the public, her horse shied, causing a backward movement of the buggy, and placing same in a position where it was in imminent danger of being pushed or driven into a ditch or water hole by the side of the street and the railway, caused by the sweep of water in time of rains, as it came down the public street and met a similar sweep of water down the side of appellee's road. In order to avoid such result, appellant hurriedly pulled her horse by the rein in a direction which would propel the buggy away from the ditch and avoid same. But due to the jerk of the buggy and its contact with the railroad tie or rail, she was thrown from the buggy and seriously injured. The grounds of negligence alleged by appellant were the failure of the appellee to keep and maintain a statutory crossing, alleging specifically that said crossing was in a defective condition and insufficient in width for the purpose for which it was constructed. Appellee's answer consisted of a general denial, a special plea asserting that the crossing was as wide as the dirt road and as wide as could be maintained on account of the ditches on either side thereof, which were necessary to carry off the water. A summary of the facts established by the evidence of the respective parties is unnecessary in order to determine the issues involved.

[1] The first assignment of error complains of the action of the trial judge in giving a special charge requested by appellee; and the second assignment complains of the refusal of the judge to give a special charge requested by appellant. Without reference to whether there was or was not error in the trial judge's action in giving the charge in the one instance and in refusing to do so in the other, we cannot consider the assignments, since it does not appear from the record before us that appellant complied in the court below with the recent statutory provisions governing the right of litigants to have this court review the action of the trial court in the giving or refusing of charges specially requested. Gen. Laws Reg. Sess. 33d Leg. 1913, p. 113. We have, in obedience to the several legislative enactments cited, and in consonance with the construction placed thereon by the other Courts of Civil Appeals, heretofore held that, in order to correct alleged errors in the court's general charge or in giving or refusing special charges reviewed by the appellate courts, it should affirmatively appear from the record by bill of exceptions, when the proceeding complained of is some part of the general charge, or the giving of a special charge, that the charge so complained of was prepared by the trial judge and submitted to the respective parties or their attorneys for inspection, and that the objections urged on appeal were in like manner urged in the court below and presented to the trial judge before reading such general or allowed special charges to the jury, and that, in the absence of such affirmative showing by the record, all such objections are by the statute declared to be waived; and, in reference to the action of the trial court in refusing charges specially requested by any litigant, we have said that, in order to review such action, it must affirmatively appear from the record by bill of exception that the refused charge was presented to the trial court before the reading of the general charge and submitted to opposing counsel for examination and objection within a reasonable time after the general charge is given such counsel for examination, and that, in the absence of such affirmative showing, the action of the court in refusing the special charge shall be re-

garded as approved. Insurance Co. v. Rhoderick, 164 S. W. 1067; Railway Co. v. Wadsack, 166 S. W. 42; Heath v. Huffhines, 168 S. W. 974; Railway Co. v. Culver, 168 S. W. 514; Railway Co. v. Chumbley, 169 S. W. 1107; Railway Co. v. Tomlinson, 169 S. W. 217; Texas Midland Railroad v. Becker & Cole, infra, decided by this court November 28, 1914, and not yet officially reported; Texas Midland Railroad v. C. F. Fogleman, 172 S. W. 558, decided by this court December 5, 1914, and not yet officially published; W. R. Case & Sons Cutlery Co. v. A. I. Folsom, 170 S. W. 1066, decided by this court November 21, 1914, and not yet officially reported.

In the instant case there is an entire absence of any bill of exception showing a compliance with the provisions just enumerated. The special charge given at the request of appellee contains only the word "given," and the one requested by appellant the words "refused, plaintiff excepts," both signed by the trial judge and filed by the clerk. It is obvious that the essential and vital provisions of the new procedure are omitted, since there is no bill of exceptions affirmatively showing that the court's action in both cases was challenged before finally instructing the jury and an opportunity given the court to cure the alleged errors so pointed out.

[2, 3] By her third assignment of error appellant asserts that, under the undisputed evidence, she was entitled to a verdict, and that the court should have for that reason set aside the verdict of the jury and granted her a new trial. The evidence without contradiction does show that the place where appellant received her injuries was at a point where appellee's line of railway crossed a public road, and as a consequence it was the absolute legal duty of appellee to restore the road to its original state or to maintain same in such condition as not to unnecessarily impair its usefulness and to keep such crossing in repair. Article 6485, R. S. 1911. Conceding the legal duty imposed upon appellee by the statute and that the crossing was a public one, still it was a question of fact for the determination of the jury whether appellee had, when it crossed the public road, restored the same to its former state or to such state as not to unnecessarily impair its usefulness and had kept the same in repair. On that issue, which is vital, the evidence is not without contradiction. We have read the testimony bearing upon the condition of the crossing, and we conclude it is sufficient to sustain the finding of the jury in that respect. We might, in deference to counsel's contention, assemble and compare the evidence of both parties, but since it is a matter finally for this court to determine, after reading the evidence, we conclude we are expected to do no more than carefully examine same and state our conclusions, which are that it cannot be said, from such examination, that the verdict of the jury is manifestly against the evidence, or inadequate or contrary thereto, or does not support the verdict, and, until the evidence presents such a condition, we are without authority to disturb the verdict.

Finding no reversible error in the record, the judgment is affirmed.