REED v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 7268.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1915. Rehearing Denied April 3, 1915.)

1. CARRIERS ☞317 — CARRIAGE OF PASSENGERS—INJURIES TO ONE BOARDING TRAIN—EVIDENCE.

In an action for injuries received by plaintiff when attempting to board its train, evidence was inadmissible that each year in October during the continuance of a fair it was customary for the crowd at the station in question to board defendant's train from both sides; the plaintiff having been injured in July.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1295, 1297–1305; Dec. Dig. ☞ 317.]

2. APPEAL AND ERROR ☞499—RESERVATION OF GROUNDS OF REVIEW — EXCEPTION TO CHARGE—STATUTE.

Under Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, providing that after the evidence has been concluded the court's charge shall be submitted to the parties for inspection, and a reasonable time given them to present their objections, which shall be handed to the court before the charge is read to the jury, and providing that all objections not so presented shall be considered waived, where the record failed to show that any objection was urged to certain paragraphs of the court's charge, or that any bill of exceptions was reserved, the assignments of error based thereon could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ☞ 499.]

. 3. TRIAL ⬳257—REQUESTED INSTRUCTIONS—TIME FOR ASKING.

Under Rev. St. 1911, art. 1973, as amended by Acts 33d Leg. c. 59, providing that either party may present such instructions as he wishes to be given, and the court may give or refuse them, provided such instructions shall be submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties for examination, where the bill of exceptions of the plaintiff, to the refusal of the court to give special charges requested, showed that such charges were presented after the main charge of the court was read to the jury, error could not be predicated on the action of the court in refusing such charges.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 642–645; Dec. Dig. ⬳257.]

Error from District Court, Hunt County; Wm. Pierson, Judge.

Action by Clifford B. Reed against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant and plaintiff brings error. Affirmed.

N. E. Peak, R. F. Spearman, B. Q. Evans, and H. L. Carpenter, all of Greenville, for plaintiff in error. Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for defendant in error.

TALBOT, J. The plaintiff in error, hereinafter called plaintiff, sued the defendant in error, who will hereinafter be referred to as defendant, to recover damages for personal injuries alleged to have been received by him through the negligence of the defendant. It is alleged, in substance, that on the 23d day of July, 1912, about 10 o'clock at night, plaintiff went to defendant's passenger station at Greenville, Tex., intending to take passage to Pickton, Tex.; that when he arrived at said station one of defendant's passenger trains was waiting to receive passengers and he attempted to board the same for the purpose of becoming a passenger; that it was usual and customary for persons intending to board defendant's trains at Greenville to enter the same on either side thereof; that plaintiff attempted to board the train in question on the opposite side thereof from the depot house while said train was standing still and at a point where the gate of one of the coaches was open; that while in the act of boarding said train the agents and servants of defendant, knowing that plaintiff was in the act of doing so, or chargeable with notice thereof, negligently caused said train to start suddenly and without warning with a quick, unusual, and unnecessary jerk or lurch, whereby plaintiff was violently thrown to the ground, one of his feet crushed by the wheels of the car, and amputation thereof made necessary. The defendant denied the allegations of the plaintiff's petition and answered specially that at the time he was attempting to board the train on the opposite side thereof from the passenger station, and at a place not designated, prepar-

ed, or used for entering and leaving the train, and without knowledge of the defendant's servants, and also that plaintiff was boarding said train for the purpose of riding to a point near his home where said train stopped, and without any intention or purpose to become a passenger, and that plaintiff was a trespasser. The defendant also specially answered that plaintiff negligently attempted to board the train while intoxicated, thereby causing his injuries; also by special answer averred that plaintiff was an epiletic, and that by reason of said affliction fell under the wheels of the car and was injured. The case was tried before the court and a jury, and the trial resulted in a verdict for the defendant.

[1] Objections are urged to the consideration of appellant's first assignment of error on the grounds that it is too general and is not accompanied by such a statement of the pleadings and evidence as to enable the court to determine whether there was error in the ruling complained of or not. We are inclined to think the objections are well taken, but have concluded, especially, since we think the court did not err in the ruling assailed, to overrule them. The assignment is to the effect that the trial court erred in refusing to permit witnesses offered by appellant to testify that during the two weeks of the Dallas Fair in the month of October, of each year, for several years prior to the time plaintiff was hurt, it was usual and customary for persons going to the fair to board defendant's trains at its station at Greenville on both sides of the train. The testimony seems to have been offered in justification of the action of the plaintiff in attempting to get upon defendant's train on the opposite side thereof from the station house. There is no pretense that at the time of the accident complained of the Dallas Fair was in operation. This was in the month of October of each year, and plaintiff alleged and testified that the accident, in which he was injured, happened July 23, 1912, and it would have appeared from the testimony excluded, had it been admitted, that the custom sought to be established was limited to the time the fair was running. Under these circumstances the excluded testimony was immaterial, irrelevant, and properly rejected.

[2] The second and third assignments of error complain, respectively, of the fifth and sixth paragraphs of the court's general charge. The consideration of these assignments is objected to for the reason that the record fails to show that any objection was urged to said portions of the charge in the lower court, or bill of exceptions reserved to the giving of the same. The assignments, for the reasons urged, cannot be considered. Article 1971 of the Revised Statutes of 1911, as amended by Acts 33d Leg. c. 59, provides that after the evidence has been concluded in the trial of a cause, the court's charge shall be

submitted to the respective parties or their attorneys for inspection, and a reasonable time given them to examine it and present objections thereto, which objections shall be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived. In numerous decisions of the appellate courts of this state construing this statute, it is held that objections to the court's general charge "must be disregarded on appeal unless the appellant shows, by bill of exceptions taken and incorporated into the record, that such objections were made and presented before the charge of the court was read to the jury. We cite a few of the decisions, namely: Ins. Co. v. Rhoderick, 164 S. W. 1067; Railway Co. v. Wadsack, 166 S. W. 42; Heath v. Huffhines, 168 S. W. 974; Railway Co. v. Chumbley, 169 S. W. 1107; Railway Co. v. Becker & Cole, 171 S. W. 1024; Railway Co. v. Fogleman, 172 S. W. 558. No such bill of exceptions is found in the record in this case, and, as stated, the assignments in question cannot be considered.

[3] The fourth and fifth assignments of error complain, respectively, of the refusal of the court to give special charges Nos. 1 and 2 requested by appellant. The consideration of these assignments is objected to on the ground that it appears from the bills of exception reserved to their refusal, and otherwise by the record, that they were presented and requested after the main charge of the court was read to the jury. It does so appear, and the objections must be sustained. Article 1973 of the amended statute referred to above reads:

"Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give; provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

The bills of exception reserved by appellant to the refusal of the special charges show upon their face that this statute was not complied with in presenting said charges. The statute quoted requires that special charges requested shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the main charge is given to the parties or their attorneys for examination. This clearly means before the main charge is read to the jury. Otherwise the purposes of the statute could not well be accomplished. The bills of exception show that the special charges were not presented to the court with the request that they be given until after the general charge was delivered to the jury. In regard to the require-

ment of the statute just mentioned, this court, in Railway v. Fogleman, supra, speaking through Associate Justice Rasbury, said:

"The necessity and importance of showing such facts affirmatively by the bill is obvious from an inspection of article 1971, relating to the court's general charge, and article 2061, relating to the giving or refusing of special charges, both amended at the same time that article 1973 was amended. By the two articles it is contemplated clearly that all attacks upon the charge to be given to the jury, whether by the general charge or by specially requested charge, shall be submitted to the trial judge in advance of reading same to the jury, in order that he may add to or correct same, if erroneous. Failing to do so, 'all objections not so made and presented shall be considered as waived,' as relates to the general charge; and, as relates to the giving or refusing of special charges, the court's action 'shall be regarded as approved, unless excepted to' in the manner stated." Horton v. Railway Co., 171 S. W. 1023; W. R. Case & Sons Cutlery Co. v. A. I. Folsom, 170 S. W. 1066.

The evidence warrants the verdict rendered, and, no fundamental error appearing, the judgment entered thereon is affirmed.

Affirmed.