McCULLOUGH et ux. v. HURT et al.
(No. 7327.)

(Court of Civil Appeals of Texas. Dallas. April 10, 1915.)

1. APPEAL AND ERROR ☞500—REVIEW—REFUSAL OF REQUESTED CHARGES.

The refusal to give requested charges will not be reviewed, where the bills of exception fail to show that the charges were requested and refused, and the refusal excepted to before the charge was read to the jury, as required by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ☞500.]

2. MORTGAGES ☞372—SALE UNDER POWER—ADMISSIBILITY OF EVIDENCE.

In a suit to recover land by a grantee from a trustee under a trust deed to secure a loan, where the pleadings and evidence showed no irregularity in a trustee's sale which rendered it void or subject to attack for inadequacy of consideration, it was not error to exclude evidence as to the value of the land.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1102, 1103, 1105–1117; Dec. Dig. ☞372.]

3. MORTGAGES ☞353—SALE UNDER POWER—VALIDITY—NOTICE.

Notice to the debtors of the trustee's sale of the land under the trust deed prior to such sale is not a prerequisite to a valid sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1050; Dec. Dig. ☞353.]

4. APPEAL AND ERROR ☞1058 — HARMLESS ERROR — EXCLUSION OF EVIDENCE — FACT OTHERWISE ESTABLISHED.

Where the defendants' testimony as to the value of land was uncontradicted and they were in no way impeached, they were not prejudiced by the exclusion of other evidence as to the value.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. ☞1058.]

5. APPEAL AND ERROR ☞742—ASSIGNMENTS OF ERROR—GENERALITY.

An assignment that the court erred in excluding testimony to prove that the signatures of deeds of trust introduced in evidence were procured by fraud, as alleged in defendants' answer, under which the proposition was that, where the signature of an instrument is obtained by fraud and the signer did not know the nature and character of the instrument or its legal effect, the instrument is void and of no effect and not binding on the maker, and evidence thereof is inadmissible, is not sufficiently specific to be entitled to consideration, and the proposition does not cure the defect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

6. APPEAL AND ERROR ☞742—ASSIGNMENT OF ERROR—STATEMENT—NECESSITY.

An assignment of error is not entitled to, consideration, where there is not such a statement of the evidence subjoined thereto as is sufficient to explain and support the proposition and to enable the court to determine the question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

7. APPEAL AND ERROR ☞1056—EVIDENCE—ADMISSIBILITY—MATERIALITY.

It is not error to exclude evidence offered to show fraud which is wholly insufficient to justify a finding of fraud.

[Ed. Note.—For other cases, see Appeal and Error. Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. ☞1056.]

8. APPEAL AND ERROR ☞1056 — HARMLESS ERROR — EXCLUSION OF EVIDENCE — ADMISSION OF FACTS.

Where the defendants in open court admitted that plaintiffs were entitled to the land sued for if defendants executed a certain deed of trust, the exclusion of evidence that the execution of the deed was procured by fraud was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. ☞1056.]

9. TRIAL ☞139—TAKING QUESTION FROM JURY—SUFFICIENCY OF EVIDENCE.

Where neither the evidence admitted nor that offered and excluded was sufficient to authorize a finding of fraud, it was not error to refuse to submit that issue to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ☞139.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by E. E. Hurt and another against Jesse McCullough and wife. Judgment for the plaintiffs, and defendants appeal. Affirmed.

J. C. Patton and Lee Richardson, both of Dallas, for appellants. T. F. Lewis, N. G. Turney, M. G. Owen, and E. E. Hurt, all of Dallas, for appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

TALBOT, J. The appellees, E. E. Hurt and M. G. Owen, brought this suit against the appellants, Jesse McCullough and his wife, Lula McCullough, to recover lots 2, 3, and 4 in block 368 in the city of Dallas, Dallas county, Tex., and, in the event they were not entitled to recover the said lots, for judgment on the note described in their petition dated March 10, 1911, with foreclosure of the lien of a deed of trust given by appellees on said lots to secure N. G. Turney in the payment of said note. The petition alleges, in substance: That on January 10, 1908, defendants were in possession of said land, owing said city taxes duly levied and assessed against said land, interest thereon and penalties, which had been accumulating since 1885, and then aggregating $293.36, besides cost, and owing the county of Dallas, and state of Texas, taxes duly levied and assessed on said land, interest thereon and penalties, amounting to $108.16, besides costs, which had so accumulated. That on or about said January 10, 1908, at the special instance and request of defendants, M. L. Leonard advanced for them $410, and paid therewith said city, county, and state said indebtedness, aggregating $414, and therefor took defendants' note of that date bearing interest from date at 10 per cent. per annum, payable in one year to said Leonard's order, and took their deed of trust of even date on said land to N. G. Turney, trustee, properly acknowledged for registration, to secure payment of said note. That default was made in the payment of said note and the interest due thereon, and at defendants' special instance and request said Turney took up said note for them, and on January 10, 1910, merely in renewal thereof, defendants executed to the order of said Turney their note of that date for $410, bearing interest from date at 10 per cent. per annum, due in one year; and to secure the payment of same also executed to said Turney, trustee, their deed of trust on said land duly acknowledged for registration, and that said note in suit, and said deed of trust securing its payment, were executed, properly acknowledged by defendants, and recorded, merely to renew and extend the loan. That thereafter, on the 10th day of March, 1911, said last above-mentioned note with all interest thereon being unpaid, the said Jesse McCullough, defendant, made, executed, and delivered to said N. G. Turney his other certain promissory note in writing, bearing said date, wherein and whereby he promised to pay to the said N. G. Turney, one year after said date, the sum of $504.22, with interest from its date at the rate of 10 per cent. per annum. That the proceeds of said note were to take up and extend the former note of January 10, 1910, executed and delivered by defendants to said N. G. Turney, and recites that it was given exclusively for money advanced to pay taxes on the property above mention-

ed, and said note was in fact an extension of the said note for $440 dated January 10, 1910, with the addition thereto of $10 and interest, which by mutual mistake had been left out of said note for $440. That, to secure the payment of said note for $504.22, the defendants made, executed, and delivered to said N. G. Turney a deed of trust upon said property, which, like the former notes and deed of trust, was executed, properly acknowledged by defendants, and recorded. That all of said notes and deeds of trust gave said payees, respectively, conventional subrogation to the tax liens along with deed of trust liens. That said deeds of trust authorized sale of the property therein described on default in the statutory form. That nothing was ever paid by defendants on any of said notes. That, after proper notice, said trustee regularly sold said land on June 3, 1913, pursuant to power given in said last-mentioned deed of trust, and bid it in for his debt, and as trustee deeded the lands to said Turney; and that said Turney sold and deeded the land to plaintiffs.

Defendants answered by general demurrer, plea of not guilty, and specially that the land sued for was the homestead of the defendants, and that the deed of trust thereon, under which a sale was made, through which plaintiffs claim, was void and said sale conveyed no title; that said deed of trust was void because it was executed to N. G. Turney, trustee, to secure a note payable to N. G. Turney; that the trustee's deed executed under the said trustee's sale was void because it was executed by N. G. Turney, grantor, to N. G. Turney, grantee; that the said trustee's deed was void because said trustee's sale was made under a foreclosure of a deed of trust purporting to have been executed on March 10, 1913, to secure a note due one year after date, said foreclosure and said trustee's deed purporting to have been made on June 3, 1913, said foreclosure being premature. They further alleged, in substance, that about three years prior to the filing of their answer, the exact time not remembered, they received notice that their state, county, and city taxes on the property in question were due, and that as they had always considered N. G. Turney as their lawyer they went to him for advice; that said Turney advised that as they had no money with which to pay the taxes to get some one to loan it to them; that one Mrs. Leonard, who was present, agreed to and did lend them the money to pay said taxes; that subsequently the said Turney had appellants to come back to his office and sign an instrument, the nature and legal effect of which they did not know; that they were illiterate and ignorant negroes and inexperienced in business matters; that they were told by the said Turney, in whom they had every confidence, to sign the instrument, that they could trust him; that he would see that they were treated right, and that he would

protect them; that relying upon the said statements of said Turney, and believing them to be true, they signed said instrument, which, they have since been informed, was a deed of trust to said Turney on their said property to secure him in certain moneys; that said statements of the said Turney that they could trust him and that he would protect them were false and fraudulent, but unknown to appellants at the time; that they were not treated right and protected by the said Turney, but, on the contrary, the said Turney, without the knowledge or consent of appellants or either of them, did on or about the 5th day of September, 1913, execute what purports to be a deed of conveyance, conveying the land herein sued for to appellees for a recited consideration of $800, when in fact no consideration passed for such conveyance, and the same made for the sole purpose of cheating and defrauding appellants out of their said property. It is further alleged:

"That they (appellants) were cheated and defrauded, in that on or about June 3, 1913, the land and property herein sued for was advertised and sold by N. G. Turney. That said sale was made and the deed executed without any notice having been given to these defendants or either of them, and the said defendants were not aware that said land had been sold under said deed of trust until after the suit had been filed. That if they had been informed by N. G. Turney that foreclosure proceedings were going to be taken they could and would have obtained the money to pay their note. That plaintiffs have conspired and colluded with the said Turney to deprive them of their said property, as Jesse McCullough went to plaintiff Hurt and wanted him to make a settlement of this matter and offered to make arrangements to raise the money necessary to settle said indebtedness and even offered said Hurt to convey to him one-half of said property for said purpose"—which was refused.

It is further alleged that if appellants are deprived of their said property they will suffer damages to the value of the same, which is charged to be $2,500, and they prayed that the said N. G. Turney be made a party to this suit and be required to show why appellants should not have judgment against him for their damages, in the event appellees received the land in controversy. N. G. Turney was made a party to the suit and made full reply to the allegations of the appellants' answer, but we deem it unnecessary to set out the same. The case was tried May 6, 1914, and the single issue of whether the defendants executed the deeds of trust involved in the controversy was submitted for the determination of the jury, and, that issue having been resolved by the jury in favor of the plaintiffs, judgment was entered that they recover the land sued for and that defendants take nothing on their plea for damages. From the judgment so rendered, this appeal is prosecuted.

[1] The first and second assignments of error complain of the court's refusal to give certain special charges requested by appellants. The action of the court in refusing these charges cannot be reviewed for the reason that the record fails to show that exceptions were taken to the refusal of said charges, as required by the act of the Thirty-Third Legislature, Session Acts 1913, p. 113. That the refusal of special charges requested, under the provisions of the act of the Legislature cited, must be disregarded on appeal unless the appellant shows by bill of exception taken and incorporated in the record that such special charge was requested and refused and its refusal excepted to at the time, is settled by numerous decisions of our Courts of Civil Appeals. Some of the decisions so holding we cite. Insurance Co. v. Rhoderick, 164 S. W. 1067; Railway Co. v. Wadsack, 166 S. W. 42; Railway Co. v. Culver, 168 S. W. 514; Heath v. Huffhines, 168 S. W. 974; Railway Co. v. Chumbley, 169 S. W. 1107; Railway Co. v. Becker & Cole, 171 S. W. 1024; Horton v. Railway Co., 171 S. W. 1023.

[2-4] The third assignment of error is that:

"The court erred in sustaining plaintiffs' objection to the testimony of J. D. Robinson as to the value of the land in controversy."

The proposition, in substance, is that when a deed of trust appears on its face to be given on land to secure a debt for the sum of $504.22, and when it is alleged that said land is reasonably worth $2,500, and that the deed of trust was procured by fraud and was foreclosed without notice to or knowledge of the mortgagor, testimony as to the value of the land is material and relevant. There was no error, so far as shown by the record, in this action of the court. Neither the pleadings nor the evidence shows any such irregularity in the trustee's sale as rendered it void or subject to attack for mere inadequacy of consideration. The only irregularity claimed, or proof offered to show, was that appellants were not served with personal notice by the trustee, Turney, of the sale of the land prior to such sale, and such notice was not a prerequisite to valid sale under the deed of trust, and hence no irregularity. Fischer v. Simon, 95 Tex. 234, 66 S. W. 447, 882. There is no contention that notice of the sale, as is required in judicial sales, was not given. If the allegations to the effect that the deed of trust was procured by fraud affects the question of the admissibility of the testimony, then the answer is that no such misrepresentations on the part of N. G. Turney were alleged or proved as would have warranted a finding that the deed of trust was so procured. Again, the value of the property was shown to be worth $2,500 by the testimony of appellant Jesse McCullough and his wife, and their testimony was in no way impeached or contradicted. In this attitude of the evidence relating to the issue, it is not at all probable that appellants suffered any injury by the exclusion of the testimony of the witness Robinson.

[5-7] The fourth assignment of error is as follows:

"The court erred in sustaining plaintiffs' objection to and excluding the testimony offered by defendants whereby it was sought to prove that the signatures of the deeds of trust introduced in evidence were procured by fraud as alleged in defendants' second amended answer."

The proposition is:

"Where the signature of an instrument is obtained by fraud and where the person so signing such instrument did not know the nature and character of such instrument or the legal effect thereof at the time it was signed, the said instrument is void and of no effect and is not binding upon the maker thereof, and evidence thereof would be admissible."

This assignment is not sufficiently specific to entitle it to consideration, and the proposition under it, if not just as general, does not cure the defect in the assignment. But, if either the assignment of error or the proposition urged under it is sufficient to point out the error complained of and comply with the rules, still there is not subjoined thereto such a statement of the evidence or proceedings as is necessary and sufficient to explain and support the proposition contended for and enable this court to determine the question therefrom, and without such a statement the assignment is not entitled to consideration. But looking to the two bills of exception found in the record, and to which we have simply been referred, we find that the testimony excluded, as shown by the first bill, was wholly insufficient to justify a finding that the deed of trust in question was procured by fraud, and that the second showed the exclusion of testimony of practically no more probative force in establishing such a fact than that shown in the first; and, besides, that the second bill bears an indorsement to the effect that said testimony had already been given by the witness.

[8]. Again, the following recital is found in the judgment entered in the case:

"And it appearing to the court that plaintiffs' cause of action is evidenced by the notes, deed of trust, and deeds described in the pleadings of plaintiffs and of said Turney and the evidence, and admissions of said Jesse McCullough and Lula McCullough in open court that said plaintiffs are entitled to recover the land in suit of said Jesse McCullough and Lula McCullough, provided they executed the deeds of trust aforesaid, which they plead that they did not execute and testify that they did not remember to have executed, the court submitted that issue to the jury."

According to the admission here recited, every issue in the case was eliminated, except the issue of whether appellants actually signed the deeds of trust in question, and, under such circumstances, the charge of the appellants that Turney under whom appellees Hurt and Owen claim, procured said deeds by fraud became immaterial, and the testimony for that reason was properly rejected. But however this may be, as indicated before, the testimony offered to show fraud was insufficient to support a finding that the deed of trust was procured by any such method, and there was no error in excluding the testimony in any event.

[9] The next contention is. that the court erred in submitting the case to the jury on the single issue as to whether the deeds of trust involved in the suit were executed by the defendants and in refusing to submit to the jury whether or not the execution of the same was obtained by fraud. Neither the evidence admitted nor that offered and excluded was of sufficient probative force to authorize a finding that either of the deeds of trust referred to was procured by fraud, and, if there was any issuable fact in the case for the determination of the jury, it was the single issue submitted by the court, and this assignment must be overruled. For the reason already stated, the sixth assignment of error will also be overruled.

The material allegations of the pleadings of the plaintiffs and N. G. Turney, and the verdict and judgment of the court, are amply supported by the evidence, and said judgment will be affirmed.

Affirmed.