INTERNATIONAL & G. N. RY. CO. v. FRANK et al. (No. 5485.)

(Court of Civil Appeals of Texas. Austin. April 28, 1915. Rehearing Denied June 2, 1915.)

1. CARRIERS ⚷⚬228 — CARRIAGE OF LIVE STOCK—ACTIONS—EVIDENCE.

Evidence *held* sufficient to support judgment against a railroad company for damages for injuries to live stock on account of delay and rough handling.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ⚷⚬228.]

2. APPEAL AND ERROR ⚷⚬215—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Under Acts 33d Leg. c. 59, assignments complaining of errors in the charge cannot be reviewed where no objection was taken below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. ⚷⚬ 215.]

3. CARRIERS ⚷⚬230 — CARRIAGE OF LIVE STOCK—ACTIONS—INSTRUCTION.

In an action against a carrier for injuries to cattle caused by delay and rough handling, where the carrier asserted that the stock suffered because of their weakness, the charge that no recovery could be had unless the damages were caused by the carrier's negligence and not the weakness of the cattle, that plaintiffs must make out their case by preponderance of the evidence and that the carrier was not an insurer sufficiently safeguarded the carrier's interests.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. ⚷⚬230.]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by Max and Otto Frank against the International & Great Northern Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Neff & Taylor, of Waco, for appellant. Tom Connally and Prentice Oltorf, both of Marlin, for appellees.

RICE, J. Appellees brought this suit against appellant to recover damages to 106 head of cattle, shipped by them from Grapeland to Marlin over appellant's line of railway, alleging negligent delay and rough handling en route as the basis for recovery. The chief defense relied upon was that the stock in question were poor, weak, and unable to stand shipment at the time they were delivered to appellant, and that if they were damaged in the manner and to the extent claimed, such damage resulted from their said condition. There was a jury trial, resulting in a judgment in behalf of appellees, from which this appeal is prosecuted.

[1] The first assignment complains of the refusal on the part of the court to give a peremptory instruction in behalf of appellant, and the second urges that the verdict

of the jury is contrary to the evidence in that it shows that the damaged condition of the cattle on arrival at Marlin was due directly and proximately to their weak and unfit condition for shipment, and not from any rough handling or negligent delay on the part of appellant. We think both of these assignments should be overruled. While there was evidence showing that the cattle were poor and weak and not in condition to ship, still there was evidence on the part of appellees that they were not too poor to ship and were in good shipping condition. Besides this, there was evidence showing a delay of two days, and that the cattle were roughly handled en route, from which they suffered damage. It appears that 13 of them died from the effects of such ill treatment, and that the others were shrunken and drawn and greatly reduced in value, and the evidence in these respects is ample to sustain the judgment. The court therefore did not err in refusing a peremptory instruction, nor in refusing to grant a new trial.

[2] The third assignment complains of the court's charge on the measure of damages. We have examined the charge and do not believe that it is subject to the objection urged; but, even if there had been error, appellant is not entitled to a reversal on this account for the reason that an inspection of the bill discloses that no objection was made to the charge for this reason. Therefore it must be regarded as waived. See Gen. Laws 33d Leg. p. 113; also Floegge v. Meyer, 172 S. W. 194, decided by this court November 18, 1914; also Insurance Co. v. Rhoderick, 164 S. W. 1068, 1069; Gunter v. Merchant et al., 172 S. W. 191, decided by this court November 11, 1914; Quanah A. P. Ry. Co. v. Galloway, 165 S. W. 546; Crow v. Childress, 169 S. W. 927. Besides this, even if the objection as claimed had been made, it would not have been sufficiently specific. See Pecos & North Texas Ry. Co. v. Grundy et al., 171 S. W. 318, where it is held that a similar objection to the one in question did not sufficiently point out the error complained of.

[3] The fourth assignment complains of the charge of the court as being upon the weight of the evidence, and that it assumes as established the facts that are disputed and at issue. We do not think the charge, when taken as a whole and in connection with the special charges given, is subject to the complaint made against it; because in the main charge, as well as in the several special instructions given at the request of appellant, the jury were told that no recovery could be had by plaintiffs unless the damages claimed resulted from the negligence of defendant. They were also told that the burden was upon plaintiffs to make out their case by a preponderance of the testimony, and were instructed that if the damages resulted from the poor and weak condition of the cattle, no recovery could be had.

They were also told that appellant was not an insurer, and that if the jury believed that the damaged condition of the cattle on arrival at Marlin was caused by the condition of such cattle at the time they were loaded at Grapeland, they would return a verdict for the defendant. It seems to us that the charge in this respect sufficiently guarded the rights of appellant.

No reversible error has been pointed out, and the judgment of the court below is therefore affirmed.

Affirmed.