TOMSON v. SIMMONS. (No. 7431.)

(Court of Civil Appeals of Texas. Dallas. Nov. 20, 1915. Rehearing Denied Dec. 24, 1915.)

1. APPEAL AND ERROR ☞742—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Under rules 30 and 31 for the Court of Civil Appeals (142 S. W. xiii), declaring that, following the assignments of error shall come propositions of law, and that following the propositions of law shall come a brief statement, in substance, of the proceedings contained in the record sufficient to explain the proposition, assignments not subjoined by propositions or statements cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞742.]

2. APPEAL AND ERROR ☞264—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

The law, requiring reservation of exceptions to the charge and to the giving or refusing of charges, does not apply to the action of the court in submitting, or refusing to submit, special issues of fact to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1533–1535; Dec. Dig. ☞ 264.]

3. APPEAL AND ERROR ☞742—ASSIGNMENTS OF ERROR—SUFFICIENCY.

To entitle an assignment of error to consideration, a statement showing, in substance, the proceedings complained of sufficient to explain and support any proposition urged under the assignment should be subjoined so as to save the court the labor of searching the transcript, and where the assignment complained of the refusal to submit additional questions, the questions, as well as the substance of the evidence on those issues, should be shown.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞742.]

4. APPEAL AND ERROR ☞719—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.

A statement in argument that plaintiff alleged and proved defendant had unlawfully dispossessed plaintiff of his easement and alleged the forfeiture of such right, where those matters were not submitted to the jury, does not disclose error apparent on the record, since enough is not stated to make out an error of law without requiring the court to search the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by John Tomson against J. J. Simmons. From a judgment for defendant, plaintiff appeals. Affirmed.

M. L. Dye, of Dallas, for appellant. Spence & Haven, of Dallas, for appellee.

RASBURY, J. We copy appellant's statement of the nature and result of the suit, which is as follows:

"This was an action brought by appellant against appellee for damages for the unlawful destruction of appellant's easement to take water from a certain artesian well not yet dug by virtue of the appellant's 99-year lease thereof. Judgment for appellee."

Following the foregoing, appellant sets out in full a duly recorded lease executed March 6, 1895, by W. J. and Minnie Logan, the effect of which is to confer on appellant the right to use the water from an artesian well on the premises of the Logans in the city of Dallas, for a period of 99 years, under certain stipulations and conditions enumerated in the lease, but not necessary to detail from our view of the appeal, and upon which is based appellant's suit against appellee, who is the present owner of the land.

[1] Appellant's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error are presented in consecutive order. To any consideration of any of them appellee in limine objects on

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the ground that appellant has failed to subjoin a brief statement, in substance, of such proceedings or part thereof contained in the record, as is necessary and sufficient to explain the proposition asserted; and in connection with the objection so made, the proposition is asserted that by the rules failure to subjoin such statement is an abandonment of the assignment. Rule 30 (142 S. W. xiii), for the government of this court, provides, among other things, that following the assignments of error in the brief shall come propositions of law, and rule 31 provides, among other things, that following the propositions of law shall come—

"a brief statement in substance of such proceedings or part thereof contained in the record * * * sufficient to explain and support the proposition."

Appellant has in his brief complied with neither rule since there is in his brief under each assignment neither proposition nor statement, although the objection is directed alone to the failure to subjoin the statement. The assignments enumerated are grouped, that is to say, they appear in the brief in their numerical order and under neither singly nor as a group is there to be found the statement required by the rule. That such statements must be made, and, when not made, that the assignments will not be considered, has been so often determined that we deem the citation of authority unnecessary.

[2, 3] The twelfth assignment of error is that the court erred in refusing to grant appellant a new trial on the twelfth ground thereof, which was—

"because the 'additional questions' by the court were wholly immaterial, and were calculated to lead the jury to believe that the court was of the opinion that plaintiff had abandoned and lost his lease and easement by nonuser, although such nonuser was forced on plaintiff by the wrongful acts of defendant and those under whom defendant claimed."

Appellee also objects to a consideration of said assignment because:

"There was no bill of exceptions reserved by appellants to the court's charge."

The recent amendments to the Practice Acts, however, do not apply to the action of the court· in submitting, or refusing to submit, special issues of fact to the jury, since submitting such issues is in no sense the giving, or refusing to give, a special charge. Shaw v. Garrison, 174 S. W. 942. However, the assignment is not entitled to be considered, because there is not subjoined thereto any statement showing, in substance, the proceedings complained of sufficient to explain and support any proposition urged under the assignment. Incidentally no proposition is asserted. Not only ought the "additional questions by the court" to have been subjoined as directed by the rules, but the substance of the evidence on the issue of abandonment and nonuser should also have been shown. Without such statement we are

not only compelled to search. the transcript for the "additional questions" complained of, but compelled as well to examine all the evidence in the statement of facts in order to intelligently pass upon the merits of the assignment. We have many times, for obvious reasons, held we could not perform such duties when so clearly imposed upon counsel. Accordingly we cannot consider the twelfth assignment.

[4] It is said by appellant in argument that there is fundamental error in the case, in "that plaintiff alleged and proved that defendant had unlawfully dispossessed plaintiff of his easement to take said water, and defendant alleged that plaintiff had forfeited and abandoned such right, but neither of these issues was submitted to or decided by the jury." Such a statement does not disclose error apparent upon the record, since enough is not stated to make the error of law "which pervades the case obviously apparent without requiring the court to search through the record to find error." Tex. & Ft. Smith Ry. Co. v. Brass, 175 S. W. 778.

For the reasons stated, the judgment of the court below is affirmed.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes