CRUM v. THOMASON. (No. 5568.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1915. Rehearing Denied Jan. 19, 1916. On Motion to Certify to Supreme Court Feb. 2, 1916.)

1. NUISANCE ☞48—PLEADING—MEASURE OF DAMAGES.

A petition, alleging plaintiff's ownership of certain premises, the erection by defendant of a cotton gin near by, the facts constituting its operation a nuisance, and that plaintiff was damaged thereby in the sum of $495, stated a good cause of action without alleging the market value of the premises immediately before and immediately after the erection and operation of

the gin, as the measure of damages is a matter to be regulated by the charge, and need not be pleaded.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 113, 114; Dec. Dig. ⊜⇒48.]

2. APPEAL AND ERROR ⊜⇒1051 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for damages to plaintiff's property from the erection and operation of a cotton gin claimed to constitute a nuisance, where plaintiff testified that he was familiar with the market value of his property immediately before and after the erection of the gin, that before its erection it was worth $650, and that since it was erected and operated it was not worth more than half such amount, his further testimony that he did not think that his premises would be worth $300 was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⊜⇒ 1.051.]

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by J. O. Thomason against Fred Crum. Judgment for plaintiff, and defendant appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant. Woodward & Baker, of Coleman, for appellee.

RICE, J. In September, 1914, appellee resided on lot No. 3, block 12, in the old town of Santa Anna, and while occupying the same as his home, together with his family, appellant erected near said premises, and immediately south thereof, a cotton gin, which it is claimed by appellee was so operated during said season as to become a nuisance, and this action is brought to recover damages therefor. Answering, appellant specifically denied many of the allegations of appellee's petition, and as to others claimed that his knowledge was insufficient upon which to form any belief. The case was tried before a jury on special issues, and upon the findings of the jury judgment was rendered by the court in favor of appellee and against appellant, for the sum of $100, from which judgment this appeal is prosecuted.

[1] The chief contention involved in this appeal is that the verdict and judgment are not authorized by the pleadings, in this, that the petition failed to set forth any measure of damages; whereas, the measure of damages submitted to the jury by the court was the difference between the market value of the property immediately before and immediately after the erection and operation of said gin. The plaintiff, after alleging his ownership of the premises, the erection of the cotton gin near by, and the facts constituting its operation a nuisance, alleged that he was damaged thereby in the sum of $495. The petition, in our judgment, sets forth a good cause of action. No exception was urged thereto. It has been frequently held in this state, in actions for damages, that it is not necessary to plead the measure of damages in order to authorize a recovery, but this is a matter of law that should be reg-

ulated by the charge of the court. In International & Great Northern R. R. Co. v. Glover, 84 S. W. 604, Mr. Justice Eidson, in discussing an exception to the petition based on a similar objection, said:

"By said exception appellant contends that appellee's petition is insufficient in law, because no proper or allowable measure of damages is therein alleged, nor is it alleged how or in what manner plaintiff has been damaged by defendant to the amount sued for. The part of appellee's petition to which said exception is addressed is as follows: 'That by reason of the said injuries plaintiff and his said wife and their estate was and is damaged in the full sum of $750; that of such damage the sum of $400 results from the injury to said land caused by the wasting away of the soil and cutting ditches therein, which injuries, plaintiff alleges, were and are permanent; and the remaining $350 of such damages results from the other injuries hereinabove shown.' Appellant's contention is that the appellee should have alleged the value of the property before and after the alleged damage occurred. The point insisted upon by appellant under the above assignment was decided adversely to its contention in the case of City of San Antonio v. Pizzini (Tex. Civ. App.) 58 S. W. 636, and, in our opinion, correctly; hence there was no error in the action of the court in overruling said exception."

In the Pizzini Case referred to, Mr. Justice Neill, discussing a similar question, said:

"The contention of appellant as to its exception to the sufficiency of appellee's petition, taken upon the ground that it did not allege the market value of the land prior to and after the injury, was, in our opinion, properly overruled. While the measure of damages for permanent injury to land is the difference between its market value immediately before and after the injury, it is unnecessary to allege such market value; it being only necessary to allege the amount of damages sustained by reason of the injuries to the premises. Market values immediately before and after the injuries are simply evidence of the damages, and are not required, by the rules of good pleading, to be averred."

This doctrine has been approved in Southwestern Portland Cement Co. v. Kezer, 174 S. W. 669; also in Pecos & North Texas Ry. Co. v. Coffman, 160 S. W. 145. See, also, Weller v. Missouri Lumber & Mining Co., 176 Mo. App. 243, 161 S. W. 853, and cases there cited; also St. Louis S. W. Ry. Co. of Texas v. Jenkins, 89 S. W. 1106, where it is held as shown by the syllabus, that the petition, to state a good cause of action, need not set out or disclose a proper legal measure of damages. All that is necessary is a statement of the facts essential to a cause of action.

We, therefore, hold that the court did not err in submitting the case to the jury on the proper measure of damages, as was in fact done, since the pleading authorized the submission under the authorities above stated. But, if we are incorrect in this, appellant is not in a position to take advantage of the supposed error in the charge, for the reason that he failed to take any exception thereto, as required by the acts of the Thirty-Third Legislature, c. 59, p. 113, and therefore must be held to have waived said objection. See

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

I. & G. N. R. R. Co. v. Frank, 177 S. W. 168; Same v. Bartek, 177 S. W. 137; Floegge v. Meyer, 172 S. W. 194. The giving or refusing of charges cannot be reviewed by an appellate court unless bills of exception are taken to the action of the court. See Nelson v. Boggs, 177 S. W. 1005. An instruction to which no objection is presented must, under the amended law, be regarded on appeal as approved. Kell v. Ross, 175 S. W. 752. A charge not excepted to will be regarded as requested, and not the subject of review on appeal. See Cleburne Ry. Co. v. Barnes, 168 S. W. 991.

[2] It is urged by the third assignment that the court erred in permitting appellee to testify, over objection of appellant, among other things, that he did not think that his premises would be worth $300. This statement was harmless, for the reason that the witness had just testified in the same connection that he was familiar with the market value of his property immediately before and after the erection of the gin, stating that before its erection it was worth $650, and that since the gin was erected and operated, it was not worth more than half such amount.

Finding no error in the proceedings of the trial court, its judgment is, in all respects, affirmed.

Affirmed.

### On Motion to Certify to Supreme Court.

We are asked to certify this case to the Supreme Court, on the ground that our opinion herein is in conflict with the holding of the Dallas Court of Civil Appeals on the same question in Tomson v. Simmons, 180 S. W. 1141, and Shaw v. Garrison, 174 S. W. 943. It will be noted that in our original opinion, after holding that the petition stated a good cause of action, we added that, even if we were incorrect in this, the appellant was not in position to take advantage of the supposed error in the charge, for the reason that he had failed to take any exception thereto, as required by the Acts of the Thirty-Third Legislature, c. 59, p. 113, and therefore must be held to have waived said objection. The Dallas Court of Civil Appeals having held in the cases above cited that, where a case is submitted on special issues, it is unnecessary to except to any error therein, in order to take advantage of such error on appeal. The question of practice thus discussed and disposed of by us was not necessary to a decision of the case. We therefore withdraw that portion of the opinion referred to; and, as the case was properly affirmed, in our judgment, on the other questions discussed, we overrule the motion to certify.

Motion overruled.