MUTUAL LIFE INS. ASS'N OF DONLEY COUNTY v. RHODERICK.

(Court of Civil Appeals of Texas. Amarillo. March 14, 1914.)

1. APPEAL AND ERROR (§ 699*)—REVIEW—ASSIGNMENTS OF ERROR.
　Acts 33d Leg. c. 59, amending Rev. St. 1911, art. 1971, requires the charge to be in writing and signed by the judge, and provides that, after the evidence has been concluded, the charge shall be submitted to the parties for exception, and a reasonable time given to examine and present objections to it, which objections shall, "in every instance," be presented to the court before the charge is read to the jury, and all objections not so presented shall be waived. *Held*, that recitals in the record showing that appellant in open court, "prior to the reading of the main charge herein, excepts thereto as follows," stating the objections to the charge, and "each and all of the above exceptions to said charge being overruled, defendant in open court excepts," followed by a recital, "Refused," signed by the judge, were insufficient to authorize a review of alleged errors in the main charge.
　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2928–2930; Dec. Dig. § 699.*]

2. APPEAL AND ERROR (§ 907*)—EXCEPTIONS—REFUSAL OF INSTRUCTIONS—PRESUMPTIONS.
　Acts 33d Leg. c. 59, amending Rev. St. 1911, art. 1974, provides that, when instructions requested are refused, the judge shall note distinctly which are given and which are refused, and such instructions shall be filed with the clerk, and be a part of the record, and article 2061 provides that a ruling in refusing instructions shall be regarded as approved, unless excepted to as provided herein. *Held* that, in absence of exceptions in the record to the refusal of instructions, the court's action thereon is deemed approved.
　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

3. INSURANCE (§ 761*)—MUTUAL BENEFIT INSURANCE—REINSTATEMENT.
　Where a mutual benefit certificate or the by-laws of the association do not require the insured to be in good health as a condition to reinstatement upon the payment of arrears, it is not necessary that he be in good health in order to be so reinstated.
　[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1924; Dec. Dig. § 761.*]

4. APPEAL AND ERROR (§ 1002*)—FINDINGS—CONCLUSIVENESS.
　The Court of Civil Appeals is bound by the jury's finding on a disputed question of fact.
　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from District Court, Donley County; Cecil Storey, Special Judge.

Action by Mrs. S. F. Rhoderick against the Mutual Life Insurance Association of Donley County and others. From a judgment for plaintiff, the defendant named appeals. Affirmed.

H. B. White and E. A. Simpson, both of Clarendon, for appellant. E. T. Miller, J. Marvin Jones, and L. C. Barrett, all of Amarillo, for appellee.

HENDRICKS, J. This suit was instituted by the appellee, Mrs. S. F. Rhoderick, plaintiff, in the court below, against the Mutual Life Insurance Association of Texas, the Mutual Life Insurance Association of Donley County, Tex., and W. J. Parsons, to recover the sum of $1,000, alleged to be due her as the beneficiary under a certain benefit

certificate insuring the life of her husband, B. J. Rhoderick.

Explanatory of the particular question involved upon the merits of this action, it will be sufficient to state that the Mutual Life Insurance Association of Donley county, against which judgment was finally rendered, assessed, at the death of a member of the association, each remaining member a stated amount for the purpose of paying the death claim; and during the progress of the business of the association there was a call upon all the members to pay a certain assessment on the death of a member, one J. C. Finger, of Hall county, Tex., amounting to the sum of $1 for each member. The association caused written notices to be mailed to Rhoderick, the insured, calling on him to pay said assessment within 15 days, or before November 19, A. D. 1912, or stand suspended. We gather from the record in this cause that, according to the by-laws, constituting a part of the contract of insurance, if a member failed to pay such assessment within 15 days after the notice, he stands suspended. It thereupon became the duty of the secretary of the association to notify such suspended member of the fact of his suspension, and, if the delinquent again failed to pay said assessment within 15 days after notice of such suspension, with a fine of 50 cents (which latter was a contribution to the local expense fund), the delinquent forfeited all rights as a member of the association. B. J. Rhoderick, after having received the first notice of assessment, and within the interim of this 30 days, was severely injured, dying within a short time after an accident suffered by him,. and the assessment against Rhoderick to pay the death claim of Finger's beneficiaries was paid upon the twenty-sixth day by Mrs. Rhoderick, the beneficiary, and her son, at the home of the secretary. There was an unconditional tender and acceptance of the amount of the assessment, but the amount of the 50 cents, the penalty which became a part of the local expense fund, was not tendered. The secretary of the association had authority to write policies of insurance, to accept and receive premiums and, as we gather it from the record, practically had the active management of the business ostensibly under the direction of the board of directors. However; he did not consult them when he wrote policies or receipts for premiums or collected overdue assessments, and had the authority to do so without consulting them. We conclude that it was not the custom to collect the 50 cents fee, but the association reinstated the delinquent members of the association upon the payment of the amount due, otherwise than this 50 cents, and this was the universal rule, unless the secretary was put to the trouble of sending a registered notice, which was not done in this particular case.

The secretary testified: "I always received the money when it was offered me after the 15 days was up. That custom had prevailed since the organization of the company. As a rule, when the 15 days were up, I gave them a registered notice, but in some instances I did not, and, in those instances when I did not, I would accept the $1 when it was paid." When the secretary accepted the assessment tendered to him in this case, he issued an unconditional receipt therefor. When the money was tendered, the insured was in a precarious condition of health as the direct result of the serious accident mentioned, and there was nothing said to the secretary by Mrs. Rhoderick or her son as to the condition of the health of the insured, neither was there any inquiry made by the secretary in this respect.

The appellant contends, and so pleaded, that the beneficiary, in paying the death assessment which had been assessed against the insured, after the latter had received the fatal injury, and was in a dying condition, concealed the condition of Rhoderick from the defendant's secretary, W. J. Parsons, and the same constituted a fraud on the association; and, although there had been an acceptance of the arrearages, it was done so without knowledge of the real condition of the insured, and the latter was not reinstated.

[1] Preliminary to the discussion of this cause upon its merits, we are met with this condition in the record: The pleading containing the exceptions and objections of appellant, the Mutual Life Insurance Association of Donley County, Tex., to the court's charge recites, "Now comes defendant Mutual Life Association of Donley County, Tex., in open court and prior to the reading of the main charge herein, and excepts thereto as follows;" and, omitting the four objections to the charge, which are unnecessary to set out as an aid in the discussion of the proposition, the pleading embodying the exceptions concludes as follows: "Each and all of the above exceptions to said charge being overruled, defendant in open court excepts. Refused. Cecil Storey, Special Judge, presiding."

Article 1971 of Rev. St. 1911, as amended by the act of the 33d Legislature (Session Laws, p. 113), reads as follows: "The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." It is, of course, necessary that the record, in a proper manner, shall exhibit the action of the court in refusing the objections to the general charge, when objections are made; and, when refused or overruled by the trial judge, the exceptions of the liti-

gant shall be preserved and incorporated into the record in an appropriate manner. We conclude that the method pursued here is inapplicable for the purpose of exhibiting to the appellate court exceptions to the action of the trial judge in refusing the objections made. It is noted that the statute requires the objections to the charge "in every instance" to be presented to the court before the charge is read to the jury, and all objections not so made and presented are waived. The statute prescribes the incorporation into the record of an extraneous fact—the presentation of objections before the charge is read to the jury—which is a precedent condition to the validity of the objections, and upon which the propriety of an appellate court's consideration necessarily must depend. It is true in this instance the paper embodying the objections stated that the appellant presented the same prior to the reading of the main charge to the jury, and fully stated that the objections were overruled, and that the defendant excepted thereto in open court. The only action, however, manifested by the trial judge is the refusal of the objections, and it is clear that this could not be construed as a bill of exceptions, and, for aught this court may know, the refusal may be predicated upon the fact that the objections were tendered after the charge was read to the jury. The assignments based upon the alleged errors of the main charge of the trial court to the jury, on account of the improper presentation of the exceptions, are overruled.

[2] The brief of the appellant assigns error upon the refusal of the trial court to give several specially requested instructions. "When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he has given and which he refused, and shall subscribe his name thereto, and such instructions shall be filed with the clerk, and shall constitute a part of the record of the cause, subject to revision for error." Rev. St. 1911, art. 1974, as amended by Act 33d Legislature (Session Laws, p. 114).

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles." Rev. St. 1911, art. 2061, as amended by Act 33d Legislature (Session Laws, p. 114). There are no exceptions whatever in this record shown to have been made by the appellant on account of the refusal by the trial court of any special instructions, and hence such action of the trial court, under the statute, is regarded as approved, on account of the failure of such exceptions. All assignments, based upon such requested instructions are consequently overruled.

On account of the contention, however, of appellants that, upon the undisputed facts of this case, only one verdict could have been rendered, which should have been in their favor, as applicable to this case, we shall discuss the question as upon fundamental error. The facts do show that the 50 cents was not paid when the death assessment was paid, but we think the record unequivocally suggests that this association, except when registered letters were mailed to delinquents, in all other instances waived the payment of said money.

[3] The record does show that the insured was in a precarious condition as to health when the money was paid. The certificate of insurance, nor any law of the company, construed as a part of the contract, does not prescribe, as a condition of reinstatement upon the payment of arrearages, that the insured shall be in good health. In the case of Dennis v. Massachusetts Benefit Ass'n, 120 N. Y. 496, 24 N. E. 843, 9 L. R. A. 189, 17 Am. St. Rep. 660, the opinion discloses that Dennis, during his delinquency, was stricken with apoplexy. The by-laws of the association, as in this case, provided for assessment against each member, for the purpose of paying policies of insurance upon the death of any other member, and the by-laws further provided that, "if the assessment is not received within thirty days from the mailing of said notice, it shall be accepted and taken as sufficient evidence that the party has decided to terminate his connection with the association, which connection shall thereupon terminate, and the party's contract with the association shall lapse and be void." The contract in the Dennis Case, supra, did not provide, as a condition, that the delinquent should be in good health at the time of the payment of arrearages, and we quote that part of the opinion of the Court of Appeals of New York applicable to the particular question: "Although the greater number of assessments were paid by Dennis promptly, still three assessments were not paid until after the due date. No other act was required or thing done to continue the policy in force, except to pay the overdue assessments. And after he was in default on account of the assessment in question, and on March 19th, the defendant mailed to him a notice that he could be reinstated, 'if in good health.' By this act the defendant indicated that it understood the policy to have conditional life remaining, because no new contract was required or suggested; the mere payment of the overdue assessment, said the defendant, in effect, will support its vitality until another assessment shall be due and payable. Such notice cannot be treated as a waiver, because it must be considered in its entirety, and thus regarded; waiver was conditioned on the good health of Dennis—a condition that the defendant could not impose, if reinstatement, under the circumstances, was a matter of right, because it was not so written in the contract"—that court clearly holding that

the officers of the association had no right to attach such a condition. The suggestion follows: Would the secretary of the association in this particular case have had the right to have refused the tender of the past-due assessment if he had known and been informed of the precarious condition of health of the insured at the time the money was tendered? Under the logic of the decision in the New York case, the refusal of the secretary would have been nugatory. The policy had "conditional life remaining," and the managing officer of the insurance company would not have had the right to have imposed a condition of reinstatement based upon good health. The contract of insurance had "conditional life," and extended to the expiration of that time when the right of reinstatement ceased, whatever the condition of the health of the insured. To make the condition of the insured, even during the period when he was in arrears, a condition of forfeiture of his policy of insurance would be the remaking of a contract by the courts, which was not made by the parties. Such a condition is not annexed to the right of reinstatement, which is a part of the insurance contract. We believe that, under the undisputed facts, viewing it as fundamental error, the trial court was correct in withdrawing the issue of fraud from the jury.

[4] As to the issue presented to the jury whether, at the time the assessment was tendered by the beneficiary and received by the secretary of the association, the assured was dead or alive, the same was a disputed question of fact resolved by the jury, by which this court is, of course, bound.

The case is affirmed.