## GULF, T. & W. RY. CO. v. DICKEY.
### (No. 8011.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 31, 1914. Rehearing Denied Dec. 12, 1914.)

1. APPEAL AND ERROR (§§ 1040, 1050*)—HARMLESS ERROR—PLEADING—EVIDENCE.

Where, in an action for injuries to plaintiff's eight year old son from being scalded while on a locomotive in charge of a hostler, the uncontradicted evidence showed that the boy's presence was known to the hostler, error, if any, in overruling exceptions to the allegations of the petition that defendant made a practice of permitting children of tender years to enter and ride upon its engines and in admitting testimony to sustain such allegations was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4089–4105, 4153–4157, 4166; Dec. Dig. §§ 1040, 1050.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where, in an action for injuries to plaintiff's son from being scalded while on a locomotive in charge of a hostler, the uncontradicted evidence showed that the presence of the boy was known to the hostler, the admission of evidence of statements by the hostler to the boy's grandmother that he liked to have children talk to him while he was at work and the grandmother's reply that she could not understand what manner of man the hostler was that he would allow a child around the engine, if error, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. APPEAL AND ERROR (§ 547*)—PRESENTATION BELOW—INSTRUCTIONS.

Assignments of error complaining of instructions to which no proper bills of exception were reserved below will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

4. APPEAL AND ERROR (§ 553*)—BILL OF EXCEPTIONS—OBJECTIONS AND ORDER.

A statement of facts contained exceptions to the court's charge, which were signed by attorneys for defendant and marked filed by the clerk. It also appeared that an order reading,

"On this day came on to be heard the objections and the exceptions of the defendant to the court's general charge, * * * and the court * * * is of the opinion that the law is against said objections and exceptions, and it is * * * ordered * * * that * * * same are hereby in all things overruled, to which the defendant excepted," was entered on the minutes, dated the same as the date of the filing of the exceptions to the charge and of the court's general charge. Held, that the purported objections and the order of the court so entered did not constitute a bill of exceptions to the charge given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2461, 2462, 2465-2471; Dec. Dig. § 553.*]

**5. NEGLIGENCE (§ 138*)—REFUSAL OF INSTRUCTION—EVIDENCE.**

Where, in an action for injuries to plaintiff's son from being scalded while on a locomotive in charge of a hostler, the hostler admitted that he knew the boy was on the engine when he turned on the hot water and scalded him and made no previous effort to exclude him from the engine, it was not error to refuse an instruction that the uncontradicted evidence showed that the boy was on defendant's engine without invitation, and that defendant owed him no duty except not to willfully or wantonly injure him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 354-370; Dec. Dig. § 138.*]

**6. TRIAL (§ 194*)—INSTRUCTION—PROVINCE OF JURY—NEGLIGENCE.**

A requested instruction that, if the hostler cut off the valve through which the hot water escaped, and thereafter some person, unknown to the hostler, opened the valve, the verdict should be for defendant was properly refused; it being, in effect, a peremptory instruction that the hostler was not negligent in allowing the boy on the engine and in turning on the injector without investigating to discover whether the valve connecting the hose with the injector was closed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439-441, 446-454, 456-466; Dec. Dig. § 194.*]

**7. NEGLIGENCE (§ 139*)—REFUSAL OF INSTRUCTION—INJURY TO CHILD.**

In such action an instruction that the hostler was not negligent unless he knew the valve was open when he turned on the injector or, unless he intentionally and wantonly inflicted the injury, was properly refused.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 371-377; Dec. Dig. § 139.*]

**8. APPEAL AND ERROR (§ 547*)—PRESENTATION BELOW—INSTRUCTIONS.**

Error in such case could not be predicated on the refusal of instructions submitting the issue of the hostler's negligence in turning on the water and making defendant's liability hinge on an affirmative finding on that issue, where no proper bill of exceptions was taken to the court's charge on the issue of liability.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429-2432; Dec. Dig. § 547.*]

**9. DAMAGES (§ 177*)—PERSONAL INJURIES—MEASURE OF DAMAGES—ADMISSION OF EVIDENCE.**

Plaintiff's testimony as to the amount he was earning was inadmissible in such case to show, as an element of the damages recoverable, the value of the time lost by him while engaged in nursing the injured boy.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 466, 494; Dec. Dig. § 177.*]

Appeal from District Court, Baylor County; Jo. A. P. Dickson, Judge.

Action by William Dickey against the Gulf, Texas & Western Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed conditionally.

Ben B. Cain, of Dallas, Sporer & McClure, of Jacksboro, and J. A. Wheat, of Seymour, for appellant. D. A. Holman, of Seymour, for appellee.

DUNKLIN, J. Maryland Dickey, the eight year old son of William Dickey, was scalded while on a locomotive owned by the Gulf, Texas & Western Railway Company, and while the locomotive was in charge of Ed Moss, its hostler. At the time of the injury the locomotive was at a station and Moss was preparing the same for a trip. Moss turned on what is called the injector in order to refill the boiler with water from the engine tank. At the time he did so hot water and steam escaped from a hose lying on the floor of the engine cab and badly scalded Maryland Dickey, who was then upon the engine. The hose was connected with the injector by means of a valve. When this valve was closed no water could escape through the hose. The hose was used to sprinkle down the coal in the tender in order to settle the dust, and, in order to do this, it was necessary to open the valve connecting it with the injector. Moss was engaged in loading the tender with coal, and had already sprinkled the same by using the hose in the manner indicated. It seems that after doing this he shoveled more coal into the tender from the coal bin, then went back to the engine and turned on the injector. He testified that after sprinkling the coal he closed the valve connecting the hose with the injector, and that when he turned on the injector he did not know the valve was open.

This suit was instituted against the railway company by William Dickey, father of the boy, to recover damages for loss of services of the boy, for services of plaintiff and his wife in nursing the boy, and for expenses for his medical treatment while suffering from the injuries he sustained. From a judgment in favor of plaintiff, the defendant has appealed.

One of the contentions made by the defendant was that, without the knowledge of Moss, the valve in question must have been opened by Maryland Dickey or his brother, another boy who was also upon the engine with him, or by some other person unknown to Moss.

[1, 2] Several assignments of error have been presented to the action of the court in overruling special exceptions to certain portions of plaintiff's petition containing allegations that defendant had made a practice of permitting and inviting children of tender years residing in that vicinity to enter and

ride upon its engines, a place of known danger to children. Assignments have also been presented to the admission of testimony tending to prove those allegations. All of those assignments are overruled, because the proof shows without controversy that the presence of the boy in the cab of the engine was known to the hostler at the time he turned on the injector. For the same reason there was no reversible error in admitting proof of declarations made by Moss, on the morning following the accident, to the grandmother of the boy, and her replies thereto; such declarations of Moss being, in effect, that he liked to have children come around and talk to him while he was at work, and the statement by the grandmother being that the child had been burned up and she could not understand what manner of man Moss was that he would allow a child around such a place as the engine.

[3, 4] Several assignments are presented to the charge given by the court to the jury, all of which are overruled, for the reason that no proper bills of exception were reserved to the instruction. We find in the statement of facts certain exceptions to the court's charge which are signed by attorneys for the defendant and marked filed by the clerk of the court. We also find an order of the court entered upon the minutes dated January 8, 1914, which is the same date of the filing of the exceptions to the charge and of the same date that the court's general charge was filed. Said order of the court reads as follows:

"On this day came on to be heard the objections and the exceptions of the defendant to the court's general charge, which were presented to the court before the reading of his charge to the jury, and, the court having heard the same, he is of the opinion that the law is against said objections and exceptions, and it is therefore ordered and considered by the court that the same be, and the same are hereby, in all things overruled, to which the defendant excepted."

Such purported objections and the order of the court so entered upon the minutes did not constitute a bill of exception to the charge given. It is well settled that objections not taken to a charge given by the court must be shown by bills of exception. Objections to the charge which do not constitute a part of a bill of exception have no proper place in the record, and, if that be true, we cannot assume, as a matter of law, that the objections to the court's charge appearing in the record were the objections considered by the court and referred to in the order entered upon the minutes copied above. Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991; Taylor v. Butler, 168 S. W. 1004; Mutual Life Ins. Co. v. Rhoderick, 164 S. W. 1067; Simpson v. Tex. Tram Ry. Co., 51 S. W. 655, and decisions there cited; Railway Co. v. Wadsack, 166 S. W. 42.

[5] Proper bills of exception were taken to the refusal of several special instructions requested by the defendant, and to which refusal several assignments of error are presented. Some of the instructions so requested were, in effect, that it was shown by uncontradicted evidence that Maryland Dickey was upon the defendant's engine without invitation, and that defendant owed him no duty except not to willfully or wantonly injure him. A sufficient answer to that contention is that, according to the testimony of Moss himself, he knew that the boy was upon the engine at the time he turned on the hot water and scalded him, and at that time made no effort to exclude him from the engine before turning on the water.

[6] By requested charge No. 8 defendant sought to have the jury told that, if Moss cut off the valve connecting the injector with the hose after he had sprinkled the coal, and that between that time and the time he went back into the engine and turned on the injector the valve was opened by Maryland Dickey, or his brother, or some person unknown to Moss, then a verdict should be returned for the defendant. This instruction was properly refused, because it was, in effect, a peremptory instruction that Moss was guilty of no negligence in turning on the injector while the child was upon the engine without making some investigation to discover whether or not the valve connecting the hose with the injector was closed, nor in permitting the presence of the child upon the engine at that time.

[7] Special instruction No. 4 was properly refused, because it, in effect, embodied the proposition that Moss was guilty of no negligence, unless he knew the valve was open at the time he turned on the injector, or that he intentionally or wantonly inflicted the injury.

[8] By special charges Nos. 5 and 7 the issue of negligence vel non on the part of Moss in turning on the water was requested to be submitted as a disputed issue, and the liability of defendant made to hinge upon an affirmative finding upon that issue. Appellant cannot complain of the refusal of these instructions, since no proper bill of exception was taken to the charge of the court upon the issue of liability, as noted already, which, therefore, must be considered as having been approved by the appellant. Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991; McKenzie v. Imperial Irr. Co., 166 S. W. 495; Ry. Co. v. Sharpe, 167 S. W. 814; Lester v. Hutson, 167 S. W. 321; Saunders Live Stock Com. Co. v. Kincaid, 168 S. W. 977.

[9] Over objection by the defendant, the plaintiff, William Dickey, was permitted to testify that, while engaged as a carpenter and working upon a certain house, he had been receiving $2.50 a day, and was furnished a horse and buggy to go and return from his work daily. The testimony was offered by the plaintiff to prove the value of the time he lost while engaged in nursing the injured boy. The objection urged to that testimony

was that the same was no proper proof of the value of plaintiff's services in nursing the boy. The plaintiff was also permitted to testify, over defendant's objection, that the time lost from his business while nursing his boy was reasonably worth $220. One of the objections to this testimony likewise was that it did not relate to the correct measure of damages. Clearly, the testimony of the amount plaintiff could have earned in any business that he was pursuing or could follow was not admissible to prove the value of his services in nursing the boy, and the error in admitting it was especially harmful to the defendant, in view of the fact that the court, in charging upon the measure of damages, told the jury that, in the event of a verdict for plaintiff, he should be allowed the value of the time so lost. Hence these assignments must be sustained.

For this error the judgment must be reversed, and the cause remanded, unless appellee shall, within ten days from the date of this opinion, file a remittitur of $220. If such remittitur is so filed, then the judgment will be affirmed.