BENNETT et al. v. RIO GRANDE CANAL CO. (No. 5569.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1916. Rehearing Denied Feb. 16, 1916.)

1. APPEAL AND ERROR ⊙═173—MATTERS REVIEWABLE—REQUEST FOR SUBMISSION OF ISSUE TO JURY.

Where defendants failed to plead payment of water rent sued for, or to request submission of that issue to the jury, failure to submit it is not ground for reversal, since Rev. St. 1911, art. 1985, provides that failure to submit an issue not requested shall not be deemed ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. ⊙═173.]

2. APPEAL AND ERROR ⊙═263—MATTERS REVIEWABLE — NECESSITY OF BILL OF EXCEPTIONS.

Under Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), providing that the ruling of the courts in giving, refusing, or qualifying instructions shall be regarded as approved, unless excepted to, where no bill of exceptions is reserved to a charge attacked on appeal, the charge cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ⊙═263.]

3. APPEAL AND ERROR ⊙═699—MATTERS REVIEWABLE—RESERVATION OF EXCEPTIONS—TIME.

Where exceptions were reserved to an order overruling objections to a charge, but the order failed to show that the objections were made before the charge was given, the propriety of the charge could not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2864; Dec. Dig. ⊙═699.]

4. WATERS AND WATER COURSES ⊙═254 — CONTRACT FOR IRRIGATION SERVICE — SALE OF LAND.

Where defendant contracted to pay a sum certain for irrigation water rights, he could not escape liability for failure to pay by selling his land, or a part thereof, so that, in an action to recover the sum due, his contract with the buyer of his land was inadmissible.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. ⊙═ 254.]

5. WATERS AND WATER COURSES ⊙═254 — CONTRACT FOR WATER SUPPLY—LEGALITY—LIMITATION OF LIABILITY FOR NEGLIGENCE.

Where a contract to supply water for irrigating purposes provided for the repair of the system, so as to place it in an efficient condition, and that during a "reasonable period of repair and construction" the company should not be liable for damages, it was not error, in an action to recover the contract price for water furnished, to admit testimony that delay in furnishing water was caused by extension of the canal system; the condition being valid, and not an attempt of the company to contract against its own negligence.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. ⊙═ 254.]

6. APPEAL AND ERROR ⊙═742—ASSIGNMENTS OF ERROR—STATEMENTS ACCOMPANYING.

Assignments of error to the failure to give certain special issues, which are not followed by statements showing what the issues were, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⊙═742.]

Appeal from Cameron County Court; Y. L. Yates, Judge.

Action by the Rio Grande Canal Company against W. H. Bennett and another, in which defendant M. M. Biggs filed a cross-action. Judgment for plaintiff against defendant Bennett, and against plaintiff as to defendant Biggs, and against defendant Biggs on his cross-action, and defendants appeal. Affirmed.

Kinder & Williams, Ira Webster, and R. A. Kitchen, all of Brownsville, for appellants. Oscar C. Dancy and Graham, Jones, West & George, all of Brownsville, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellants, W. H. Bennett and M. M. Biggs, to recover the sum of $408, alleged to be due it for water furnished during the year 1913 to irrigate 136 acres of land, under the terms of a certain written contract made by and between Frank Williford and W. H. Bennett, which contract had been assigned to appellee, whereby said Bennett bound himself to pay the sum of $3 an acre for the use of said water. It was further alleged that Bennett was still the owner of 136 acres of land out of the tract of 160 acres described in the contract, and that Biggs, during 1913, cultivated a part of the 136 acres under some lease or contract, the terms of which were not known to appellee. It was alleged that water was furnished according to the terms of contract and that appellants had not paid for it. Biggs set up a cross-action against appellee for $901.25. The cause was submitted to a jury on special issues, and on the answers judgment was rendered against Bennett for $391.50, against appellee as to Biggs, and against the latter as to his cross-action.

[1] There was no plea of payment by appellants, and the uncontroverted evidence showing that 120 acres of land had been irrigated by appellee, and that Bennett had agreed to pay $3 an acre for the water during the year 1913, the court had the power and authority, without a finding by the jury, to render judgment for the amount' of the damages. This is statutory. Article 1985, Rev. Stats. Appellants requested the submission of no issue as to payment of the water rent. The first assignment of error is overruled.

[2, 3] The second and third assignments of error will not be considered, because no bills of exceptions were reserved to the charge of which complaint is made. Article 2061, Rev. St. 1911, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061). The order of the court overruling objections to the charge, to which exceptions

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

were reserved by appellants, does not show that the objections were made before the charge was read to the jury. Insurance Association v. Rhoderick (Civ. App.) 164 S. W. 1067; Roberts v. Laney (Civ. App.) 165 S. W. 114; Railway v. Love (Civ. App.) 169 S. W. 922.

[4] The contract between Bennett and Biggs had no pertinency to the issues in the case and was properly rejected by the court. Bennett could not, by a sale of the land or a part thereof, escape the penalty of an infraction of his contract with appellee. The rejection of the contract did not injure Biggs, for he testified that he did not go into possession of the land until the latter part of 1913, the year for which the water rent was due, and in April, 1913, he applied for water, not in his own name, but in that of Bennett.

[5] The contract between appellee and Bennett provided for the repair of the irrigation system so as to place it in efficient condition, and that during a "reasonable period of repair and construction" the company should not be liable for damages. This was a valid condition, agreed to by the parties, and the court did not err in permitting J. B. Scott, a witness for appellee, to testify that delays in furnishing water were caused by extension of the canal system. We do not desire to draw any fine-spun distinctions between extensions, improvements, reconstructions, and repairs. The contract covered the work that delayed appellee, as testified by Scott. No negligence on the part of appellee appeared from the evidence, and appellants contracted with full knowledge that appellee had taken charge of a defunct concern, and that it would take much labor and expense to put the plant in a condition of efficiency. Appellee did not undertake to contract against its negligence, but against its inability under the circumstances to give perfect service. Bennett was fully notified of the condition of the plant before he signed the contract. As said by the Supreme Court in Railway v. Stark Grain Co., 103 Tex. 542, 131 S. W. 410, in discussing the liability of a common carrier for delay of goods arising from freight congestion:

"We regard the rule denying to carriers the right to excuse themselves for delays resulting from such conditions as those supposed, when they have received the property knowing of the existence of those conditions and giving no notice thereof to shippers, as defining a part of the duties imposed by law upon carriers, and not as expressing merely the results of agreements. That duty is to give notice to customers whenever the transportation cannot be performed in the usual way, which notice gives to the shipper the opportunity to choose between different courses open to him. When the carrier has done this, it has fulfilled its legal duty in this respect, and should not be held responsible for a delay which it cannot prevent, if the shipper still insists on delivering his property for shipment."

Even in the absence of an express contract relieving appellee from damages arising from the condition of its plant, appellee could have shown that the condition of the plant and the necessity for repairs and reconstruction were known to appellants when the contract was made, and appellee would be relieved from liability. The contract served the purpose at least of bringing home to Bennett the condition of the plant and the probability of a failure to efficiently deliver water.

Bennett was liable to appellee for the water charges, and proof that he had sold part of the land to Biggs had no pertinency or force in the case. The sixth assignment of error is overruled.

The seventh and eighth assignments have been fully treated under other assignments, and they are overruled.

[6] The ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments complain of the failure to give certain special issues; but they are not followed by statements showing what the issues were, and they will not be considered. Every pertinent issue, however, was submitted by the court, and appellants could not have been injured by a refusal to submit other issues, no matter what they were.

The charges complained of in the sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments cannot be inquired into, for the reason that no bill of exceptions was reserved by appellants to the giving of such charges.

The twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, and twenty-seventh assignments are mere reiterations of the fifth assignment of error, which has been fully discussed herein. They are overruled.

The twenty-eighth assignment of error is in effect the same as the first, and has been disposed of by the discussion thereunder.

We find no error in the judgment, and it is affirmed.