HAWKS et al. v. LONGBOTHAM et al.
(No. 7248.)

(Court of Civil Appeals of Texas. Galveston. June 21, 1916. On Motion for Rehearing, Oct. 5, 1916.)

1. APPEAL AND ERROR ⬤⇒770(1) — APPELLANT'S BRIEF—RULES OF COURT—EXAMINATION OF RECORD.

Under rules 40 and 41 for the Courts of Civil Appeals (142 S. W. xiv), providing that whatever of the statements of appellant in his brief is not contested will be considered as acquiesced in, etc., where appellants alone filed briefs in the Court of Civil Appeals, such court is authorized to regard so much of appellants' briefs as is prepared in conformity with such rules as a proper presentation of the case without examination of the record as contained in the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3106, 3107; Dec. Dig. ⬤⇒770(1).]

2. APPEAL AND ERROR ⬤⇒742(1) — ASSIGNMENTS OF ERROR—IMPROPER BRIEFING.

Assignments of error which were indefinite, uncertain, and multifarious, none of them being such propositions, within themselves, as could be considered as propositions of law, and which, when followed by any proposition, were followed by such a one as was not germane to the assignment, were improperly briefed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬤⇒742(1).]

3. APPEAL AND ERROR ⬤⇒499(4)—BILL OF EXCEPTION — REFUSAL OF SPECIAL CHARGE — STATUTE.

A bill of exception, to the refusal of a special requested charge, cannot be considered, where not affirmatively showing presentation to the court and opposing counsel within a reasonable time after the general charge was given counsel for examination, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 2061.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⬤⇒499(4).]

4. EXEMPTIONS ⬤⇒44—DESIGNATION—EFFECT.

Where two mules were the property of an unmarried man at the time of levy thereon to satisfy judgment against him and his brother, and he claimed one of such mules as his exempt property, such mule was exempt, since the law exempts to every unmarried man one horse or mule, which, when levy is about to be made upon his property, he may designate as exempt.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 51–55; Dec. Dig. ⬤⇒44.]

On Motion for Rehearing.

5. APPEAL AND ERROR ⬤⇒499(4) — BILLS OF EXCEPTION—REFUSAL OF SPECIAL CHARGES—SUFFICIENCY.

Where bills of exception to the refusal of special charges recite that "at the proper time" such charges were presented to the trial judge, the recital is sufficient to show that such charges were presented to the trial court before the main charge was read to the jury, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⬤⇒499(4).]

Appeal from District Court, Madison County; S. W. Dean, Judge.

Suit by J. M. and V. P. Hawks against W. A. Berry and another, doing business under the firm name of Berry & Barrett, and J. T. Longbotham, sheriff of Madison county. From a judgment for defendants, plaintiffs appeal. Judgment affirmed in part, and reversed and rendered for V. P. Hawks in part.

J. M. Brownlee, of Madisonville, for appellants.

LANE, J. This suit was brought by plaintiffs J. M. and V. P. Hawks against W. A. Berry and H. H. Barrett, doing business under the firm name of Berry & Barrett, and J. T. Longbotham, sheriff of Madison county, to recover one brown mare mule, six years old, alleged to be the property of J. M. Hawks, and another brown mare mule, seven or eight years old, alleged to be the property of V. P. Hawks, and for damages for their unlawful detention. For a better understanding of the nature of the case presented by this appeal we make the following statement:

On the 22d day of September, 1913, the said firm of Berry & Barrett negotiated a sale of the two mules sued for to plaintiff V. P. Hawks. The mules at that time were delivered to said V. P. Hawks in payment for which he delivered to Berry & Barrett a promissory note for the sum of $400, signed by said V. P. Hawks and by his brother and father, J. M. Hawks and L. T. Hawks, respectively. Said note was not paid at maturity, and judgment was taken thereon against V. P. Hawks and J. M. Hawks; execution was issued upon said judgment and placed in the hands of defendant, J. T. Longbotham, sheriff of Madison county, who by virtue thereof levied on the two mules in question as the property of plaintiff V. P. Hawks; V. P. Hawks, from whose possession the mules were taken, and at the time they were so taken, gave notice to the sheriff, Longbotham, that he claimed the brown mare mule, 7 or 8 years old, as his exempt property, and he also gave notice to said officer that the other mule was the exempt property of his brother, J. M. Hawks. Both V. P. and J. M. Hawks were single men at the time of the levy and were not the head of a family.

The cause was tried before a jury upon the following issues submitted to the jury by the court, to wit: First. Was the sale of the mules made by Berry & Barrett to V. P. Hawks, and did the title and ownership of the two mules pass to said V. P. Hawks by such sale; or was the sale made to V. P. Hawks and J. M. Hawks, or to V. P. Hawks acting for himself and his brother, J. M. Hawks? Second. If you find that the sale was made to V. P. Hawks for himself, then state whether either of the mules were exempt from exe-

cution at the time of the levy. Third. Did Berry & Barrett willfully, wantonly, maliciously, or with intent to harass and injure plaintiffs, cause said levy upon said mules to be made?

To these questions the jury answered: First. That the mules were sold to V. P. Hawks, and that the title thereto passed by said sale to said V. P. Hawks. Second. That neither mule was exempt at the time of the levy. Third. That Berry & Barrett did not cause the levy to be made either willfully, wantonly, or maliciously, or for the purpose of injuring or harassing the plaintiffs.

[1] Upon the findings of the jury judgment was entered for defendants. From such judgment V. P. Hawks and J. M. Hawks have appealed. Appellants only have filed briefs in this court. In such case, under rules 40 and 41 prescribed by the Supreme Court for the procedure of the Courts of Civil Appeals (142 S. W. xiv), this court is authorized to regard so much of appellants' brief as is prepared in conformity to such rules as a proper presentation of the case, without examination of the record as contained in the transcript, and may found its decision thereon. It is provided by said rule 41 that whatever of the statements of the appellants in their brief is not contested will be considered as acquiesced in. We are therefore called upon in this case to pass upon the propositions properly submitted under the rules, from the statements made in appellants' brief.

[2] We overrule appellants' first, second, third, fourth, and fifth assignments of error. All of them are indefinite, uncertain, and multifarious. None of them are such propositions within themselves as can be considered by this court as propositions of law, and where we find any of them followed by a proposition, such proposition is not germane to the assignment to which it was intended to relate. West Texas Supply Co. v. Dunivan, 182 S. W. 425. But we have examined said assignments and have concluded that if they had been properly briefed neither of them presents reversible error.

[3] Appellants' sixth, seventh, and eighth assignments insist that the court erred in refusing to give to the jury their special charges Nos. 1, 2, 3, and 4. We are referred to appellants' bills of exceptions Nos. 1, 2, 3, and 4 in support of said assignments. We have examined each of said bills of exception, and in neither of them is it affirmatively shown that said charges were presented to the trial court, or to opposing counsel, before the main charge was read to the jury.

In the case of Case & Sons Cutlery Co. v. Folsom, 170 S. W. 1066, the Court of Civil Appeals at Dallas held that a bill of exception to the refusal of a special requested charge, indorsed by the signature of the trial judge under the word "refused," could not be considered, because not affirmatively showing that it had been presented to the court,

and to opposing counsel, within a reasonable time after the general charge was given to counsel for examination, as required by Acts 33d Legislature, now articles 1971 and 2061, Vernon's Sayles' Statutes of 1914. Most, if not all, of the Courts of Civil Appeals in this state, except this court, have declared the same rule. See Heath v. Huffhines (Ft. Worth court) 168 S. W. 974; St. Louis Southwestern Ry. Co. v. Wadsack (Texarkana court) 166 S. W. 42; Ins. Co. v. Rhoderick (Amarillo court) 164 S. W. 1067; G., T. & W. T. Ry. Co. v. Culver (Amarillo court) 168 S. W. 514; Horton v. Railway Co., 171 S. W. 1023; Beard v. Railway Co., 171 S. W. 553; Railway Co. v. Dickey, 171 S. W. 1097; Railway Co. v. Chumbley, 169 S. W. 1107; Railway Co. v. Becker & Cole, 171 S. W. 1024; Bennett v. Canal Co., 182 S. W. 713, and authorities cited. For the reasons already given said assignment should be overruled, but should we consider the same we would hold that the charge of the court was a sufficient presentation of the issues raised by the evidence, and that therefore the special charges were properly overruled.

We now come to the main issue presented by this appeal; that is, was the brown mare mule seven or eight years of age, the smaller and older of the two brown mare mules sold by Berry & Barrett to V. P. Hawks, exempt to him from forced sale for the payment of his debts?

[4] The law exempts to every unmarried man one horse (or mule), and it has been uniformly held by our courts that when a levy is about to be made upon the property of any debtor, such debtor may designate his exempt property from among his other property, if any, subject to levy and sale.

The undisputed evidence shows that Berry & Barrett sold the two brown mare mules in question, one about six years old and the other about seven or eight years old, to V. P. Hawks, and that in payment therefor V. P. Hawks delivered to Berry & Barrett a note for $400, signed by himself and by J. M. Hawks and L. T. Hawks. The undisputed evidence also shows that upon the trial of the cause the only claim of ownership to either of said mules for, or by, said J. M. Hawks was by virtue of the purchase made from Berry & Barrett; that there was no pretense that he became the owner of either of said mules after the date of said sale, but that by that transaction, and that alone, he became the owner of one of said mules. The jury found that the sale was made to V. P. Hawks, and that the title to both of said mules passed by said sale to V. P. Hawks, and as a consequence he was the owner thereof at the time of the levy. There was evidence to support such finding. The undisputed evidence shows that V. P. Hawks at the time of the levy, and at all times since, has designated and claimed the brown mare mule seven or eight years old the smallest of the two bought

by him from Berry & Barrett, and which had the swinney, as his exempt property. This mule is still unsold under said execution, and is still subject to his claim of exemption. If the two mules were the property of V. P. Hawks at the time of the levy, as the jury found they were, upon sufficient evidence to sustain such finding, then it follows as a matter of law, that when V. P. Hawks claimed the brown mare mule seven or eight years old as his exempt property, such claim must be allowed, and that the finding of the jury that neither of the mules were exempt cannot be sustained.

We have reached the conclusion that so much of the judgment of the trial court as directed that the brown mare mule six years of age, the larger of the two purchased by V. P. Hawks from Berry & Barrett, be turned over to the sheriff, J. T. Longbotham, for sale under execution, should be and the same is here affirmed. We have also reached the conclusion that so much of said judgment as adjudged that the smallest of the two brown mare mules, described as seven or eight years of age, with the swinney, is subject to sale under the execution in the hands of said sheriff, is erroneous, and that the same should be reversed and judgment should be here rendered for V. P. Hawks for the last-described mule, and it is so ordered.

It is further ordered that the judgment be affirmed in part, and reversed and rendered in part as above indicated.

Affirmed in part. Reversed and rendered in part.

### On Motion for Rehearing.

In our original opinion filed in this court on the 21st day of June, 1916, we made the following statement:

"Appellants' sixth, seventh, and eighth assignments insist that the court erred in refusing to give to the jury their special charges Nos. 1, 2, 3, and 4. We are referred to appellants' bills of exceptions Nos. 1, 2, 3, and 4 in support of said assignments. We have examined each of said bills of exception, and in none of them is it affirmatively shown that said charges were presented to the trial court, or to opposing counsel, before the main charge was read to the jury."

And we held that as said bills did not show that said special charges were presented to the trial judge and opposing counsel before the main charge was read to the jury, the assignments complaining of the refusal of the court to give such charges should not be considered.

[5] Appellant J. M. Hawks has filed his motion for rehearing complaining of such statement and holding, and in said motion directs our attention to the fact that said bills of exceptions, which were approved by the trial judge, does recite that "at the proper time" said special charges were presented to the trial judge. In said motion it is insisted that the statement in said bills that said charges were presented at the proper time was suf-

ficient to show that said charges were presented to the court and opposing counsel before the main charge was read to the jury, and that therefore this court should have considered said assignments.

Since our attention has been called to the fact that the bills do recite that said charges were presented to the court "at the proper time," we conclude that such recital is sufficient to show that said charges were presented to the trial court before the main charge was read to the jury, but it is nowhere shown that they were presented to opposing counsel, and to this extent said assignments do not meet the requirements of the law. We still think the charge given by the trial court was all that was required, and, as we find no material error in our original opinion, appellants' motion is overruled.