STEPHENS v. MILLER. (No. 843.)

(Court of Civil Appeals of Texas. El Paso. April 4, 1918.)

1. APPEAL AND ERROR ⬅499(4) — ASSIGNMENTS OF ERROR—SUFFICIENCY—STATUTE.

Assignments of error showing written objections to the court's charge, but not showing that they were presented to the court before the charge was read to the jury, as required by Acts 33d Leg. c. 59, are insufficient, and particularly where objections filed in the lower court are not the same as those presented on appeal.

2. APPEAL AND ERROR ⬅499(4) — RECORD — SUFFICIENCY—SPECIAL INSTRUCTIONS.

The action of the trial court in refusing a special instruction cannot be reviewed in the absence of a showing that the charge was requested in the manner prescribed by Acts 33d Leg. c. 59, requiring presentation to counsel in reasonable time after main charge is submitted for examination.

3. APPEAL AND ERROR ⬅679(2)—EXCEPTIONS TO ANSWER — RECORD — SETTING OUT ANSWER.

Assignments directed against the overruling of exceptions to defendant's answer, which was filed in the justice court, cannot be reviewed where the answer does not appear in the transcript.

4. APPEAL AND ERROR ⬅548(5), 553(1)—ASSIGNMENTS—SUFFICIENCY.

An assignment against the overruling of a motion to strike out certain evidence will not be reviewed where the record shows no bill of exceptions to such action; the detailing of alleged reasons why the court erred in admitting the evidence and the statement that plaintiff excepted being wholly insufficient as a basis for consideration of the assignment.

5. APPEAL AND ERROR ⬅733—ASSIGNMENTS OF ERROR—SUFFICIENCY—DEFINITENESS.

Assignments of error questioning the sufficiency of the law and evidence to support the verdict and judgment which do not undertake to point out or show the insufficiency are not entitled to consideration.

Appeal from Tom Green County Court; Oscar Frink, Judge.

Suit by Fred L. Stephens against J. R. Miller. Verdict and judgment for defendant, and plaintiff appeals. Affirmed.

───────────────

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. E. Ponder, of Sweetwater, for appellant. J. T. Thomson, A. W. Loveland, and C. E. Dubois, all of San Angelo, for appellee.

HIGGINS, J. Stephens brought this suit against Miller upon the latter's promissory note given to cover the purchase price of perfumes, etc., bought by Miller from the Donald-Richards Company, to whose order the note was made payable. Defendant pleaded a failure of consideration, and fraud practiced in the procurement of the note. Stephens claimed to be a bona fide purchaser of the note, for value, before its maturity. Upon trial before a jury, verdict was returned and judgment rendered for defendant.

[1] The first and third assignments complain of the court's charge. We find in the record some written objections to the charge, but there is nothing to show that these objections were presented to the court before the charge was read to the jury, as required by chapter 59, Acts 1913. Railway Co. v. Dickey, 187 S. W. 184; Commonwealth v. Bryant, 185 S. W. 979. Furthermore, the written objections filed in the lower court are not the same as those presented here. These assignments are therefore overruled.

[2] The second assignment complains of the refusal of a special instruction. The record fails to show that this charge was requested in the manner prescribed by the act above mentioned. In the absence of such showing, we cannot review the action of the trial court in refusing same. Shipley v. Railway Co., 199 S. W. 661; Hawks v. Longbotham, 188 S. W. 734; Floegge v. Meyer, 172 S. W. 194; Railway Co. v. Jones, 175 S. W. 488.

[3] On October 2, 1916, plaintiff filed in the county court a supplemental petition which contained some special exceptions directed against defendant's answer filed in the justice court. The overruling of these exceptions is made the basis of an assignment. The answer against which these exceptions were directed does not appear in the transcript, and we therefore cannot tell whether the exceptions were well taken. All of the written pleadings of defendant shown by the transcript appear to have been filed in the county court direct, and subsequent to October 2d.

[4] Error is assigned to the overruling of a motion to strike out certain evidence. We can find no bill of exception to the action of the court in overruling this motion. The only thing to be found is some so-called bills of exception which simply detail the alleged reasons why the court erred in admitting the evidence, and state that plaintiff excepted. They are wholly insufficient as a basis for the consideration of this assignment.

[5] The remaining assignment questions the sufficiency of the law and the evidence to support the verdict and judgment. Neither the assignment or supporting propositions undertake to show the insufficiency. They are not entitled to consideration, but it seems to us that there is no merit anyway in the assignment, so it is overruled.

Affirmed.